LANG BODY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15087. Promulgated May 27, 1929.

*James H. J. Sykes, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the respondent.

### OPINION.

LITTLETON: On February 9, 1926, the Commissioner made a determination in respect of the income and profits tax of the Lang Body Co., of 3088 West 106th Street, Cleveland, Ohio, for the calendar year 1918 and for the period January 1, 1919, to August 31, 1919, which determination showed an additional tax of $57,310.66 for the calendar year 1918 and no additional tax for the period January 1 to August 31, 1919; said determination showing that the total income and profits tax for the calendar year was $59,524.92 and that $2,214.26 had been assessed upon the original return filed by that company, resulting in a deficiency of $57,310.66. This determination and deficiency related to the tax liability of the Lang Body Co., an Ohio corporation, with its principal offices at the address above stated, and the Commissioner's deficiency notice dated February 9, 1926, was mailed to that company at that address.

In 1918 a Delaware corporation was organized, known as the Lang Body Co., with its principal office at 3088 West 106th Street, Cleveland, Ohio. That corporation took over the assets of the Lang Body Co., an Ohio corporation, and began business about August 31, 1919. On February 9, 1926, the Commissioner made an examination of the tax returns of this corporation and made an audit of its books of account and records for the period ending December 31, 1919, and for the calendar years 1920 and 1921. He determined that this corportion, namely, the Lang Body Co., a Delaware corporation, had a net loss of $18,561.68 for the period ending December 31, 1919, and

that for the calendar year 1920 this corporation had a net income of $9,453.83, and that the total tax upon such net income was $745.38; that since no tax had been assessed or paid there was a deficiency for the year 1920 of $745.38. The Commissioner further determined that for the calendar year 1921 the Lang Body Co. of Delaware had a net loss of $239,685.57. The statutory 60-day notice of this determination was mailed to the Lang Body Co., 3088 West 106th Street, Cleveland, Ohio, February 9, 1926.

On April 27, 1926, a petition was filed with the Board styled "Appeal of Lang Body Co., 3088 West 106th Street, Cleveland, Ohio." Paragraphs 1, 2, and 3 of said petition set forth the following:

1. The taxpayer was in 1918 an Ohio corporation with its principal offices at 3088 West 106th Street, now a Delaware corporation with principal offices at the same address.

2. The deficiency letter, copy of which is attached, was mailed to the taxpayer on February 9, 1926 and states a deficiency of $57,310.66.

3. The taxes in controversy are income and profits taxes for the calendar year 1918, the period ended August 31, 1919, the period ended December 31, 1919 and the taxable year 1920, and are more than $10,000.00; to wit, $58,056.04.

The errors assigned in said petition are as follows:

(a) The failure of the Commissioner of Internal Revenue to allow as a deduction in the year 1918, an amount of $37,500.00 paid to Elmer J. Lang, Charles E. J. Lang and L. L. Williams, during the year 1918, in consideration of services rendered by the said individuals and the procurement of certain contracts by said individuals for the corporation.

(b) The failure of the Commissioner of Internal Revenue to allow as a deduction from gross income for the year 1918, amortization of buildings erected solely for the purpose of completing war contracts in the amount of $15,000.00.

(c) The failure of the Commissioner to allow an adequate deduction for depreciation for the years 1918 to 1920 inclusive.

Among other statements contained in the petition in support of the assignments of error, the following appear:

The facts upon which the taxpayer relies as a basis of its appeal are as follows:

(a) The corporation was organized during the year 1917 for the purpose of specializing in the construction of automobile bodies, particularly those for closed automobiles.

(b) Due to the fact that the corporation was in its infancy, the services of the three individuals to whom stock was issued in the amount of $37,500.00 were fixed at only nominal amounts as follows:

| | |
|---|---|
| C. E. J. Lang, President and Treasurer | $3,505.00 |
| E. J. Lang, Vice-president and General Manager | 5,550.00 |
| L. L. Williams, Superintendent | 3,610.00 |

There was paid into the corporation during 1917 and the early months of 1918, cash in excess of $250,000.00 on subscriptions for capital stock.

In the early part of 1918, Mr. E. J. Lang was instrumental in securing for the corporation a government contract for certain work in connection with 1,500 White trucks purchased by the government for war purposes.

This contract was secured on as favorable terms as possible, insuring the corporation of a very substantial profit on the same.

In view of the fact that Mr. Lang was drawing only a nominal salary from the corporation, due to it having just been organized, at a directors' meeting held on July 9, 1918, it was agreed that stock of the corporation would be issued to E. J. Lang, Charles E. J. Lang and L. L. Williams, in an amount of $37,500.00 which was to imburse them for the contract which they had secured and to provide reasonable compensation for their services during the year 1918.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(c) During the years 1918 and 1919, the taxpayer erected a building at a cost of $32,310.64, which was used solely in connection with the government contract which the corporation was then engaged in.

This building was of cheap construction, not intended for permanent use, has had no value to the corporation since the completion of its government contract and at the present time is detrimental to the present plant.

There was allowed to the taxpayer by the War Department, amortization in the amount of $15,000.00 which was not received by the taxpayer until December 1919 after completion of the taxpayer's contract.

It is the taxpayer's contention that this amortization should be spread over the amortization period during which it was engaged in contractual work for the government and the compensation received in 1919 should be included in its return for the four months' taxable period ended December 31, 1919.

(d) Depreciation of Building.

The taxpayer in 1918 erected a building of mill type construction, it being a brick building with wooden beams, supports and floors and a wooden roof covered with a tar and gravel composition.

It has been the experience of other taxpayers in similar lines of endeavor, that buildings of this construction do not have a longer life than twenty-five to thirty-three years and the taxpayer therefore contends that depreciation should be allowed at least at three per cent per annum as recommended by the Revenue Agent who examined the building, instead of two per cent as allowed by the Commissioner.

This petition was signed " Jacob S. Baruch, Attorney for the Taxpayer " and was sworn to by Charles E. J. Lang before a notary public on March 29, 1926, as follows:

STATE OF OHIO    }
COUNTY OF CUYAHOGA } ss.

*Chas. E. J. Lang*, being duly sworn, says that he is the *President* of the Lang Body Company, above-named, and as such is duly authorized to verify the foregoing petition; that he has read the said petition, or had the same read to him, and is familiar with the statements therein contained, and that the facts therein stated are true, except such facts as are stated to be upon information and belief, and those facts he believes to be true.

(Signed)　　　CHAS. E. J. LANG.

January 3, 1928, after various continuances and hearings on motion, the Commissioner filed his answer to the petition in which he sets forth the following:

1. Answering the allegations in Paragraph 1 of the petition admits that the petitioner is a Delaware corporation with principal offices at No. 3088 West

106th Street, Cleveland, Ohio. Denies the remaining allegations in Paragraph 1 of the petition.

2. Admits that the deficiency letter, a copy of which is attached to the petition, mailed to this petitioner was dated February 9, 1926, and stated a deficiency of $745.38. Denies the remaining allegations of Paragraph 2 of the petition.

3. Admits that the taxes in controversy are $745.38 for the calendar year 1920 proposed against the Lang Body Company of Delaware, but says that the Board has no jurisdiction over the four months' period ended December 31, 1919, for the reason that it appears from the petition and exhibits annexed thereto that no deficiency has been asserted for that period against the tax-payer. He further says that the Board has no jurisdiction over the deficiency asserted for the calendar year 1918 against the Lang Body Company of Ohio for the reason that no petition had been filed by that company from the 60-day letter addressed to it dated February 9, 1926.

5 (a). Admits that the petitioner was organized for the purpose of the manufacture of automobile bodies during the year 1919. Denies the remaining allegations in subparagraph (a) of Paragraph 5.

5 (b). For lack of information upon which to base a belief denies the allegations in subparagraph (b) of Paragraph 5.

5 (c). Admits that in December, 1919, the petitioner received $15,000.00 as an adjustment in connection with contracts previously entered into with the War Department. Denies the remaining allegations in subparagraph (c) of Paragraph 5.

Denies generally and specifically each and every allegation in taxpayer's petition not hereinbefore admitted, qualified, or denied.

March 8, 1928, counsel for the petitioner filed with the Board a "Statement and Consent of Petitioner to Order of Redetermination," as follows:

Comes now the petitioner, by and through its attorney, James H. J. Sykes, and for its statement to the Board alleges, avers and states and gives the Board to know and be informed that all the allegations, statements and averments set forth in the Answer of the Commisioner of Internal Revenue, Respondent, filed herein on January 3, 1928, are true and correct as alleged and set forth in the Answer.

The petitioner, The Lang Body Company, consents that the Order of Redetermination shall be made by the Board in this cause for a deficiency of $745.38 for the calendar year 1920 as set forth in the Answer of the Respondent.

On March 26, 1928, counsel for the petitioner and counsel for the Commissioner filed the following stipulation:

LANG BODY COMPANY, PETITIONER,
v.
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.
} Docket No. 15087.

#### STIPULATION

It is hereby stipulated and agreed by and between the parties hereto by their respective counsel that this petitioner is a Delaware corporation and that there is a deficiency in income and profits taxes due for the calendar year 1920 in the amount of $745.38, and that the Board of Tax Appeals has no jurisdiction over the four months period ended December 31, 1919, because

no deficiency has been proposed for assessment against the petitioner for such period; nor has the Board jurisdiction over the eight months period ended August 31, 1919, or over the calendar year 1918, for the reason that a deficiency letter for those taxable periods was sent to Lang Body Company, an Ohio corporation; and that the Board of Tax Appeals may enter its order of redetermination accordingly.

Upon such stipulation the Board, on March 27, 1928, entered an order dismissing the proceeding in so far as it related to the calendar year 1918, the 8-month period ended August 31, 1919, and the 4-month period ended December 31, 1919, for lack of jurisdiction, and further ordered and decided that there was a deficiency of $745.38 for the year 1920. September 24, 1928, upon further consideration of the proceeding, the Board entered the following order:

Further consideration having been given to the record in this proceeding and to the stipulation filed by counsel for the parties with the Board March 26, 1928, it is

ORDERED that the order of the Board entered March 27, 1928, in so far as it dismisses the proceeding for the calendar year 1918 and the eight-month period ending August 31, 1919, for lack of jurisdiction be and the same hereby is vacated and set aside. It is

ORDERED FURTHER that the proceeding be placed upon the day calendar for October 3, 1928 for hearing upon the question of jurisdiction of the Board of the calendar year 1918 and the period ending August 31, 1919, said periods relating to the tax liability of the Lang Body Company, an Ohio corporation, as determined by the Commissioner in his notice mailed February 9, 1926.

Thereafter, the proceeding came on for hearing and counsel for the parties were heard. Counsel for the Lang Body Co. insisted that the Lang Body Co. of Ohio had not petitioned the Board for a redetermination of the deficiency asserted by the Commissioner against it; that such Ohio corporation had been dissolved in 1923, was out of existence, and could not prosecute a proceeding before the Board. At this hearing there was offered and received in evidence an original notice issued by the Secretary of State of Ohio, as follows:

NOTICE

The LANG BODY Co.,
      *Cleveland, Ohio.*

You are hereby notified that your Articles of Incorporation have been cancelled as of March 1, 1923, by order of the Tax Commission of Ohio, in accordance with the provisions of Sec. 5509 of the General Code.

Any further correspondence should be addressed to THE TAX COMMISSION, WYANDOT BUILDING, COLUMBUS, as this department has no authority to take any action in the matter, and can furnish no additional information.

Mar. 31, 1923.

                (Signed)      THAD H. BROWN,
                                      *Secretary of State.*

Upon the record as above detailed, the Board is asked to enter a decision dismissing the proceeding in so far as it relates to the calendar year 1918 and the period January 1 to August 31, 1919, which are the taxable periods relating to the Lang Body Co., an Ohio corporation, for lack of jurisdiction upon the grounds first, that the Ohio corporation did not petition the Board for a redetermination of the deficiencies determined by the Commissioner against it, and, secondly, that if the petition be construed to be a petition of the Ohio corporation for a redetermination, the Board is without jurisdiction, for the reason that the Lang Body Co., of Ohio, was long since dissolved, has ceased to exist, and is without authority to prosecute a proceeding before the Board as disclosed by the notice of the Secretary of State hereinbefore quoted.

Charles E. J. Lang was and is the president of the Lang Body Co., an Ohio corporation, and also is president of the Lang Body Co., a Delaware corporation.

The Board is of the opinion that, upon the record, the Lang Body Co., of Ohio, did file a petition with the Board for the redetermination of the deficiencies determined by the Commissioner against it; that under the law of the State of Ohio relating to the existence and dissolution of corporations, this corporation has not been completely and legally dissolved. Therefore, the Board has jurisdiction of the proceeding.

The law of Ohio imposes an excise tax upon corporations and section 5495, Title I, ch. 8, Ohio General Code, provides that each corporation carrying on business for profit shall make an excise tax report to the Tax Commission of such State in such form as the Commission may prescribe.

Section 5507 of the Ohio Code provides for a penalty of $10 per day for each day's omission after the time limited for making such an excise-tax report and section 5509 of the Ohio General Code provides as follows:

*Failure to report or pay tax or fee; effect of.* § 120.

If a corporation, wherever organized, required by the provisions of this act, to file any report or returns or to pay any tax or fee, either as a public utility or as a corporation, organized under the laws of this state, for profit or as a foreign corporation for profit doing business in this state and owning or using a part or all of its capital or plant in this state, or as a sleeping car, freight line or equipment company, fails or neglects to make any such report or return or to pay any such tax or fee for ninety days after the time prescribed in this act for making such report or return or for paying such tax or fee, the commission shall certify such fact to the secretary of state.

*Cancellation of articles.* The secretary of state shall thereupon cancel the articles of incorporation of any such corporation which is organized under the laws of this state, by appropriate entry upon the margin of the record thereof, or cancel the certificate of authority of any such foreign corporation to do business in this state by proper entry: Thereupon all the powers, privileges and

franchises conferred upon such corporations, by such articles of incorporation or by such certificate of authority, shall cease and determine. The secretary of state shall immediately notify such domestic or foreign corporation of the action taken by him.

Section 5511 of the Ohio General Code provides that any corporation whose articles of incorporation or certificate of authority to do business in Ohio has been canceled by the Secretary of State, as provided in section 5509, may be reinstated upon filing with the Secretary of State a certificate from the Tax Commission that it has complied with the requirements of the statute and has paid the taxes, fees or penalties due, and upon the filing of such certificate with the Secretary of State and the payment to him of an additional penalty of one-tenth of 1 per cent upon the amount of the corporation's authorized stock, such penalty not to exceed $100, the Secretary of State shall cancel the entry made by him under the provisions of section 5509, and shall issue his certificate entitling such corporation to exercise its rights, privileges and franchises.

Section 5512 of the Ohio General Code provides that the Attorney General, shall, upon request of the Tax Commission, whenever any taxes, fees or penalties due from any corporation shall have remained unpaid for a period of 90 days, apply to the common pleas court of the proper county in the State in which such corporation is located for an injunction to restrain such corporation in the transaction of any business within the State until the payment of such taxes or fees and penalties thereon, and if it be made to appear that such corporation has failed and neglected for 90 days to pay such taxes, fees, or penalties, the court shall grant and issue such injunction.

Section 5513 of the Ohio General Code provides:

If any corporation fails or neglects to make and file the reports or returns, required by this act, or to pay the penalties provided in this act for failure to make and file such reports or returns, for a period of ninety days after the time prescribed in this act, the attorney general, on the request of the commission, shall commence an action in quo warranto, in the circuit court of Franklin county, or of any county in this state in which such corporation is located or has an office or place of business, to forfeit and annul its privileges and franchises. If the court is satisfied that any such corporation is in default as aforesaid, it shall render judgment ousting such corporation from the exercise of its privileges and franchises within this state, and shall otherwise proceed as provided in Chapter One of Title VIII, Part 3 of the General Code.

Section 5521 of the Ohio General Code provides:

*When certificate of dissolution may be filed.* In case of dissolution or revocation of its charter on the part of a domestic corporation, or of the retirement from business in this state, on the part of a foreign corporation, the secretary of state shall not permit a certificate of such action to be filed with him unless

the commission shall certify that all reports required to be made to it, have been filed in pursuance of law, and that all taxes or fees and penalties thereon due from such corporation have been paid, and unless such corporation shall produce a certificate from the treasurer of the county wherein the property of such corporation, both tangible and intangible is or was located, showing that all personal property taxes assessed against such corporation, for the then current and previous years, have been paid.

Upon the record in this proceeding and under the provisions of the Ohio law, it is clear that the Lang Body Co., of Ohio, has never been completely dissolved but is still in existence as a corporation, and the provisions of sections 8742 and 8743 of the General Code of Ohio making the directors or managers of the affairs of such corporation, acting last before the time of its dissolution, trustees of the creditors and stockholders of the dissolved corporation, with full power to settle its affairs, collect and pay outstanding debts, and to sue for and to recover the debts and property of the corporation, have no bearing upon the question here involved.

Notwithstanding cancellation by the Secretary of State of the articles of incorporation by an entry on the margin of his records, under section 5509 of the General Code of Ohio, such corporation remains a *de facto* corporation, and one having contracted with it as such can not raise the question of its corporate capacity; *Goldstein Co.* v. *Mitchell*, 14 Ohio App. 231. See, also, *California Iron Yards Co.*, 15 B. T. A. 25.

In view of the statements and allegations contained in the petition in this proceeding, it is clear that the Board was being asked to make a redetermination in respect of the deficiency determined by the Commissioner against the Lang Body Co., of Ohio. The petition sets forth that the taxpayer was an Ohio corporation and places in controversy the deficiency by the Commissioner against the Ohio corporation, assigns errors with reference to such determination of the Commissioner, and alleges facts upon which reliance is had to support such assignments of error, and the petition is sworn to by Charles E. J. Lang, who was, during the taxable year and, so far as the records show, still is, the president of the Lang Body Co., of Ohio. Although separate petitions should have been filed by the Lang Body Co. of Ohio asking for a redetermination of the deficiency determined by the Commissioner against it for the calendar year 1918, and by the Lang Body Co. of Delaware for a redetermination of the deficiency asserted against it, this is a matter that might properly be taken care of by amended petition, and the fact that a joint petition instead of separate petitions was filed does not deprive the Board of jurisdiction.

Stipulation of the parties that the Board is without jurisdiction to make a determination in respect of the Lang Body Co. of Ohio

being contrary to the view that the Board takes of the matter, same will not be followed.

The proceeding will, therefore, be restored to the calendar for hearing on the merits.

Reviewed by the Board.

MURDOCK dissents.