ESTATE OF S. S. HUNTER, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60198.  Promulgated June 6, 1932.

*W. W. Spalding, Esq.,* for the petitioner.
*J. Arthur Adams, Esq.,* and *F. A. Surine, Esq.,* for the respondent.

OPINION.

ARUNDELL: The respondent has moved to dismiss the petition filed herein for the reason that it appears that the corporate existence of the petitioner had terminated prior to the filing of the petition and hence there is no proper petition before the Board and we are without jurisdiction.

On January 10, 1930, the stockholders of S. S. Hunter, Inc., a Louisiana corporation, met and adopted resolutions as follows:

BE IT RESOLVED, that the Estate of S. S. Hunter, Inc., be dissolved and liquidated, and that said dissolution and liquidation proceedings be had out of court.

BE IT FURTHER RESOLVED, That S. D. Hunter, whose post office address is 703 Commercial National Bank Building, Shreveport, Louisiana, be elected as liquidator without bond to conduct the winding up of the dissolution of this corporation, and for such purpose that he be given full and complete authority to do any and all things necessary for the complete and final dissolution and liquidation of this corporation, including all of the powers and authorities vested in corporate liquidators under the terms of Act Number 250 of 1928, particularly in Sections 57 and 62 thereof.

Thereafter, on January 21, 23 and 25, 1930, notice of adoption of the above resolutions was published in a newspaper as required by law. On January 27, 1930, S. D. Hunter executed the following affidavit:

CERTIFICATE OF DISSOLUTION OF THE ESTATE OF S. S. HUNTER, INC.

STATE OF LOUISIANA:
PARISH OF CADDO . . .

I, S. D. Hunter, duly appointed as liquidator to conduct the winding up of the affairs of the Estate of S. S. Hunter, Inc., by resolution of the stockholders of said corporation, duly adopted on the 10th day of January, 1930, said resolution having been duly published in the Shreveport Journal three times on separate dates, as prescribed by law, do hereby certify that all of the property and assets of said corporation have been distributed among the stockholders and that said corporation has been completely wound up and is dissolved.

Done and signed this 27th day of January, 1930.

S. D. HUNTER, *Liquidator.*

Personally came and appeared S. D. Hunter, who being duly sworn, deposes and says: That he is the liquidator of the Estate of S. S. Hunter, Inc., and that all of the facts stated in the above and foregoing certificate are true and correct.

S. D. HUNTER

Sworn to and subscribed before me on this the 25th day of January, 1930.
(SEAL)                                                          ZULA PORTER,
                                                             *Notary Public.*

Copies of papers pertaining to the dissolution proceedings, including the resolutions and affidavit above set out, were filed with the Secretary of State of Louisiana on January 30, 1930. Copies of the same, except the affidavit of January 27, 1930, were also filed with the recorder of Caddo Parish, Louisiana.

On September 29, 1931, respondent mailed a deficiency notice to "Estate of S. S. Hunter, Inc.," setting forth the determination of a deficiency in income tax for the year 1928 in the amount of $401,-

749.19. On October 14, 1931, a petition for redetermination of the deficiency was filed, in the caption of which the petitioner is styled: "Estate of S. S. Hunter, Inc., A Corporation." In the jurisdictional allegations of the petition the petitioner is stated to be "a Louisiana Corporation." The petition is verified as follows:

STATE OF LOUISIANA |
PARISH OF CADDO | ss.

S. D. HUNTER, being duly sworn, states that he is the liquidator of the Estate of S. S. Hunter, Inc., and as such is duly authorized to verify the foregoing petition; that he has read the said petition and is familiar with the statements contained therein, and that the facts stated are true, except as to those facts stated to be upon information and belief, and those facts he believes to be true.

(Signed)        S. D. HUNTER

Subscribed and sworn to before me by S. D. Hunter this 6th day of October, 1931.

(SEAL)                    (Signed)        BERNICE J. BEALE,
                                          Notary Public.

On or about December 1, 1931, the respondent entered a jeopardy assessment against Estate of S. S. Hunter, Inc., and on or about December 4, 1931, the collector issued a notice and demand which was delivered to S. D. Hunter, who, on December 23, 1931, paid to the collector $90,936.02 tax and $14,792.29 interest.

On these facts respondent contends that the corporate existence of Estate of S. S. Hunter, Inc., had completely terminated prior to the filing of the petition, that therefore no petition has been legally filed by or on behalf of that corporation, and consequently we do not have jurisdiction to redetermine its tax liability. Petitioner's position, as we understand it, is that even though the corporation was dissolved, the liquidator continues to be its statutory representative and is the proper person to sue or be sued in the name of the corporation.

The Business Corporation Act of Louisiana (Act No. 250 of 1928) as far as material to this proceeding provides that voluntary proceedings for dissolution of corporations may be conducted either in court or out of court; that when proceedings are had out of court the stockholders must, at the time of adopting a resolution to dissolve, also appoint "a liquidator or liquidators to conduct the winding up." (Sec. 54–II.) Section 54 further provides for the publication of the stockholders' resolutions, and the filing of copies with the secretary of state and the recorder of mortgages. Other pertinent provisions of the act are as follows:

SECTION 57. WINDING UP IN PROCEEDINGS OUT OF COURT, AND THE AUTHORITY OF LIQUIDATOR OR LIQUIDATORS.

I. Except as may be otherwise provided in the resolution or consent of appointment, the liquidator or liquidators, where the winding up is to be out of court, shall be vested with full authority.

(a) to demand, collect, sue for and recover, in the name of the corporation, the debts and property of the corporation, and may be sued in the same name;

(b) to compromise, compound and settle, and to grant acquittance for claims of, or against the corporation, upon such terms and conditions as such liquidator or liquidators shall deem best;

(c) to sell and convey, either in whole or in part, at public or private sale, the property of the corporation, movable and/or immovable, on such terms and conditions as such liquidator or liquidators shall deem best;

(d) to collect the whole, or so much as may be necessary and just, or any amounts remaining unpaid on subscriptions to shares;

(e.) to carry on temporarily the business of the corporation as a going concern, when it is necessary for the purpose of properly and economically winding up and liquidating the affairs of the corporation;

(f) to pay all debts and liabilities of the corporation according to their respective priorities;

(g) and, in general, to do any and all things which may be necessary, proper or convenient for the purpose of winding up and liquidating the affairs of the corporation.

II. Any surplus remaining, after paying off all debts and liabilities of the corporation, shall be paid by the liquidator or liquidators to the shareholders according to their respective rights and preferences.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Section 61. TIME AND EFFECT OF COMMENCEMENT OF PROCEEDINGS FOR DISSOLUTION.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

II. When a proceeding for dissolution has commenced,

(a) all the rights, powers and duties of the officers and board of directors shall be vested in the liquidator or liquidators appointed by the shareholders or the court, as the case may be, and the authority and duties of the officers and directors of the corporation shall cease, except insofar as may be necessary in the opinion of the liquidator or liquidators, to preserve the corporate assets, or insofar as they may be continued by the liquidator or liquidators, or as may be necessary for the calling of meetings of shareholders;

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Section 62. ORDER OR CERTIFICATE OF DISSOLUTION: FILING SAME.

I. When a corporation has been completely wound up, the court, if the proceeding is subject to the supervision of the court, shall make an order declaring the corporation to be dissolved; and if the proceeding is out of court, the liquidator or liquidators shall sign and acknowledge a certificate stating that the corporation has been completely wound up and is dissolved.

II. Said order or certificate of dissolution shall be delivered to the Secretary of State, who shall file the same in his office, and thereupon the corporate existence shall terminate and the Secretary of State shall issue a certificate of dissolution, which shall forthwith be filed for record in the office of the Recorder of Mortgages in the parish in which the corporation has its last registered office.

III. Any assets inadvertently or otherwise omitted from the winding up shall vest in the liquidator or liquidators, for the benefit of the persons who would have been entitled thereto if they had been in their hands before the dissolution of the corporation, and on realization shall be distributed accordingly.

The statutes of Louisiana governing dissolution of corporations prior to the Act of 1928 provide that:

All corporations, whether they expire by limitation or are otherwise dissolved, shall be continued as bodies corporate for the purpose of prosecuting and defending suits by or against them * * *.

(a) Upon the dissolution * * * the stockholders shall elect from among their number one or more liquidators * * *

(b) The liquidator shall have authority to sue for and recover debts in the name of the corporation, and may be sued by the same name * * *. [Act of 1914.]

In two cases we have had occasion to consider the state statute just quoted and in them we pointed out that under that statute a dissolved corporation was continued as a body corporate for certain purposes and that the liquidators were the proper persons to act for the corporations. *Iberville Wholesale Grocery Co., Ltd.*, 15 B. T. A. 645 and 17 B. T. A. 235; *Southwestern Investment Co.*, 19 B. T. A. 30. The fact that in the statute of 1928 the dissolution of corporations is dealt with in considerable detail and contains no provision for continuing the corporate existence like that of the earlier one, with which it must be presumed the legislature was familiar, indicates that such provision was deliberately omitted in the enactment of the later act. It is difficult to conceive of clearer language than that contained in section 62–II as follows:

Said order or certificate of dissolution shall be delivered to the Secretary of State, who shall file the same in his office, *and thereupon the corporate existence shall terminate* * * *

In *S. Hirsch Distilling Co.*, 14 B. T. A. 1073, there was involved a question of our jurisdiction where a Missouri corporation purported to file a petition after dissolution. The Missouri statute was similar to that of Louisiana in constituting the president and directors trustees for the purpose of winding up corporate affairs, with power to sue and be sued, and in failing to provide for continuance of corporate existence after dissolution. In that case, after quoting the Missouri statute, we said:

An examination of the above sections of the Missouri statutes indicates clearly that, unlike the situation in many other States, there is no provision made for keeping the corporation alive in order to settle its affairs once it has been dissolved.

We concluded that a petition filed on behalf of the wholly dissolved corporation did not give us jurisdiction. That case was distinguished from the *George Wiedemann Brewing Co.*, 4 B. T. A. 664, on the ground that in the Wiedemann proceeding the corporation, though formally dissolved, continued in existence under provisions of state laws for a reasonable time for the purpose of winding up its affairs.

It is fundamental law that a corporation possesses only those properties which the law confers upon it. *Dartmouth College* v. *Woodward*, 4 Wheat 518. And, as said in *Oklahoma Natural Gas Co.* v. *Oklahoma*, 273 U. S. 257:

* * * corporations exist for specific purposes, and only by legislative act, so that if the life of the corporation is to continue even only for litigating purposes it is necessary that there should be some statutory authority for the prolongation.

Examining the Louisiana statutes in the light of this quotation, we fail to find anything therein continuing the life of the corporation after its dissolution so as to enable it to execute a valid petition in a proceeding before the Board.

Counsel for petitioner points to several provisions of the Louisiana statute which may be briefly noticed. Section 57 vests the liquidator with authority to "demand, collect, sue for and recover, in the name of the corporation, the debts and property of the corporation, and may be sued in the same name."

This section precedes that which prescribes that corporate existence shall terminate on filing certificate of dissolution (section 62) and evidently is designed to define the powers of the liquidator only during the period prior to dissolution. It is argued that section 62–III, heretofore quoted, provides for the preservation of the property and property rights of the corporation after dissolution. In one sense this is true, but by the terms of the statute the preservation is only "for the benefit of the persons who would have been entitled thereto if they [the assets] had been in their hands before the dissolution of the corporation." We take it that this section means that the liquidator shall continue to represent stockholders and creditors until complete distribution of assets is made if it so happens that dissolution occurs before distribution is completed. Certainly there is nothing in the section specifically continuing corporate existence after dissolution.

Petitioner's counsel says that it was not liable for the tax and interest paid by S. D. Hunter on December 23, 1931; that the amount paid constitutes an overpayment for which petitioner has a valid claim against respondent; and that such overpayment is an asset of petitioner omitted from the winding up of its business, which, under section 62–III, *supra*, and section 322 of the Revenue Act of 1928, may be recovered in this proceeding. As set out above, Hunter had previously certified under oath that "all of the property and assets of said corporation have been distributed." If that statement was true then the payment made by Hunter in December, 1931, could not have been out of assets of the corporation but must have come from some other source. Whatever might be the status of an overpayment of taxes made during the process of winding up preparatory

to dissolution, the fact here is that the payment was not made until long after the dissolution was completed, and more than sixty days after these proceedings were instituted.

A number of cases decided by Louisiana courts, having to do with powers of receivers and liquidators, are cited by petitioner, but these all appear to have arisen under earlier statutes. We are referred to no Louisiana case construing a statute such as we have here which on its face cuts short the corporate existence upon dissolution.

In proceedings before the Board the presumption is always against jurisdiction, and it is the duty of the party averring jurisdiction to affirmatively establish it. *Coca-Cola Bottling Co.*, 22 B. T. A. 686, 700. In this case the petitioner has failed to establish to our satisfaction that the statutes of Louisiana kept alive the corporate entity after its formal dissolution, with power to file the petition here involved. The respondent's motion is granted and an order will be entered dismissing the proceeding for want of jurisdiction.