T.C. Memo. 1998-210

UNITED STATES TAX COURT

HANNA & ASSOCIATES, P.C.,
FORMERLY MARK J. HANNA, P.C., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10734-97.                    Filed June 16, 1998.

<u>Charles F. Daily, Jr.</u>, for petitioner.

<u>Steven B. Bass</u>, for respondent.

MEMORANDUM OPINION

PARR, <u>Judge</u>:   This case is before the Court on respondent's
motion to dismiss for lack of jurisdiction filed on June 30,
1997,[1] pursuant to Rule 53.[2]  The issue for decision is whether

---

[1]   On August 25, 1997, respondent filed an amendment to
                                              (continued...)

petitioner lacks capacity under Rule 60(c) to invoke this Court's jurisdiction.

Background

Hanna & Associates, P.C., formerly Mark J. Hanna, P.C. was a corporation organized under the laws of the State of Texas. On February 2, 1994, Mark J. Hanna, petitioner's sole shareholder, adopted a resolution to dissolve the corporation. On February 24, 1994, petitioner filed a certificate of dissolution with the Texas secretary of state resulting in petitioner's dissolution pursuant to Tex. Bus. Corp. Act Ann. art. 6.06 (West 1994).

Petitioner's 1993 and 1994 Federal income tax returns were filed on March 15, 1994, and September 18, 1995, respectively.

On February 26, 1997, respondent issued a notice of deficiency to petitioner determining deficiencies in and penalties on petitioner's Federal income taxes as follows:

| | | Penalties |
| Year | Deficiency | Sec. 6662(a) |
| 1993 | $31,450 | $6,290 |
| 1994 | 13,474 | 2,695 |

_____

[1](...continued)
respondent's motion to dismiss for lack of jurisdiction, arguing on alternative grounds that petitioner lacks capacity to invoke this Court's jurisdiction. Since we find for respondent based on the original motion to dismiss, respondent's alternative argument raised in the amended motion is moot.

[2]    All section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

On May 27, 1997, Charles F. Daily, Jr., as counsel for petitioner, filed a petition with this Court in the name of petitioner.

On June 30, 1997, respondent filed a motion to dismiss for lack of jurisdiction on the ground that, because petitioner was dissolved more than 3 years prior to the filing of the petition herein, under Texas State law petitioner now lacks capacity to invoke this Court's jurisdiction. On July 22, 1997, petitioner filed an objection to respondent's motion to dismiss on the ground that the notice of deficiency was invalid, because it was issued more than 3 years after the deadline of the dissolution of the corporation.

Respondent's motion was calendared for hearing in San Antonio, Texas. Counsel for respondent appeared at the hearing and presented arguments on the pending motion. Petitioner's attorney did not appear for the hearing, nor were any written statements of petitioner's position filed with the Court as provided for pursuant to Rule 50(c).

Discussion

Rule 60(c) states that the capacity of a corporation to engage in litigation in this Court shall be determined by the law under which the corporation was organized. Brannon's of Shawnee, Inc. v. Commissioner, 71 T.C. 108, 111 (1978); Condo v. Commissioner, 69 T.C. 149, 151 (1977); Great Falls Bonding Agency, Inc. v. Commissioner, 63 T.C. 304, 305 (1974). Because

petitioner was organized in the State of Texas, we look to the law of that State to determine whether petitioner possesses the requisite capacity to invoke this Court's jurisdiction.

Petitioner's capacity to engage in litigation is prescribed by Tex. Bus. Corp. Act Ann. art. 7.12 (West 1994), which provides that a dissolved Texas corporation shall continue its corporate existence for a period of 3 years from the date of the dissolution, for the purpose of prosecuting or defending in its corporate name any action or proceeding brought by or against it.

In applying Tex. Bus. Corp. Act Ann. art. 7.12 ( West 1994) to the facts presented, we agree with respondent that the cause of action underlying this proceeding was not commenced within 3 years of the date that petitioner was dissolved.  The record shows that petitioner dissolved on February 24, 1994.  It is clear that under Texas law petitioner's existence as extended by statute terminated on February 24, 1997, i.e., 3 years after its dissolution.  As of that date it ceased to exist and lacked capacity to institute any legal proceeding.  Great Falls Bonding Agency Inc., v. Commissioner, supra; Comfort Home Builders, Inc. v. Commissioner, T.C. Memo. 1995-225.  Thus, a petition filed with this Court in petitioner's name on May 27, 1997, more than 3 years after its dissolution, cannot be entertained.

Moreover, we note that petitioner has not articulated a sound argument in opposition to respondent's motion to dismiss for lack of jurisdiction.  Rather, petitioner maintains that

respondent should be precluded from issuing a deficiency notice to a dissolved corporation.  As we observed in <u>Great Falls Bonding Agency, Inc. v. Commissioner</u>, <u>supra</u> at 306:

> At first blush, it does seem anomalous that respondent would issue a statutory notice of deficiency to a taxpayer and then turn around and say that there is no taxpayer who can petition this Court for a redetermination of the determined deficiency--as * * * [respondent] has done here. Yet, section 6212(b)(1) is explicit in its language which permits respondent, in the absence of a notice of fiduciary relationship, to send a notice of deficiency to a corporation which has terminated its existence--as has the petitioner.

There being no indication that petitioner provided respondent with a notice of a fiduciary relationship under sections 6903 and 6212(b)(1), respondent was justified in issuing the disputed deficiency notice directly to petitioner notwithstanding its dissolution.

Accordingly, we grant respondent's motion to dismiss for lack of jurisdiction on the ground that petitioner lacked capacity under Rule 60(c) to invoke this Court's jurisdiction.

To reflect the foregoing,

<u>An appropriate order of dismissal for lack of jurisdiction will be entered</u>.