DAVID M. KELLEY AND MARY L. KELLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; DAVID M. KELLEY AND ESTATE OF NANCY I. KELLEY, DECEASED, DAVID M. KELLEY, EXECUTOR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kelley v. Commissioner
Docket Nos. 38520-84, 38521-84
United States Tax Court
T.C. Memo 1990-158; 1990 Tax Ct. Memo LEXIS 140; 59 T.C.M. (CCH) 206; T.C.M. (RIA) 90158; March 26, 1990
Arthur H. Boelter and John J. White, Jr., for the petitioners. Michael McMahon and Dorinda J. Myers-Ohnstad, for the respondent. GOLDBERG
MEMORANDUM FINDINGS OF FACT AND OPINION GOLDBERG, Special Trial Judge: These consolidated cases were assigned to Special Trial Judge Stanley J. Goldberg pursuant to 7456(d)(3) of the Internal Revenue Code of 1954 *141 (redesignated section 7443A(b)(4) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2775) and Rule 180 et seq. [1]
Respondent determined the following deficiencies in petitioners' Federal income taxes: Docket No.
Taxable Year
Deficiency
38521-84
1976
$  82,305
1977
$  10,171
1978
$ 199,492
38520-84
1979
$ 241,923
1980
$  85,182
The parties in the above-docketed cases filed first and second stipulations of agreed issues on December 2, 1988. The parties also filed third stipulations of agreed issues on January 9, 1989. The stipulations of agreed issues settled most of the issues in these cases. The only issues now before us for decision are (1) whether respondent mailed the notice of deficiency for the taxable year 1978 to petitioner in docket number 38521-84 after the applicable periods set forth in the statute of limitations had expired, and (2) whether respondent mailed the notice of deficiency *142 for the taxable year 1980 to petitioners in docket number 38520-84 after the applicable periods set forth in the statute of limitations had expired. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner(s) resided in Tacoma, Washington, when they filed their petitions. Petitioner in docket number 38521-84 (hereinafter referred to as petitioner David Kelley) filed a joint Federal income tax return with his former wife Nancy I. Kelley for the taxable year 1977, and presumably also for the taxable year 1976. Nancy I. Kelley died on October 8, 1977. Petitioner David Kelley filed his 1978 Federal income tax return as a qualifying widower on April 16, 1979. Respondent determined deficiencies in David and Nancy I. Kelley's Federal income tax for the taxable years 1976 and 1977. In the same notice of deficiency, respondent also determined a deficiency in petitioner David Kelley's Federal income tax for the taxable year 1978. In his petition, petitioner David Kelley did not dispute respondent's deficiency determination for the taxable year 1977. Furthermore, all of the issues for the *143 taxable year 1976 have been settled, except for that relating to Domestic Resources Development Fund, which is not before us. Since the only issue before us at this time concerns petitioner David Kelley's 1978 tax year, the Estate of Nancy I. Kelley is not a party to this proceeding. David Kelley and his new wife Mary, petitioners in docket number 38520-84 (hereinafter referred to as petitioners David and Mary Kelley), filed joint Federal income tax returns for the taxable years 1979 and 1980 on June 11, 1980, and August 6, 1981, respectively. Because David Kelley is a common petitioner in both of these cases and sometimes took actions with respect to both cases more or less simultaneously, the facts at first blush may appear somewhat confusing. However, in order to clarify the facts, we will provide a chronological summarization after the following narrative. On October 3, 1979, petitioner David Kelley executed a Form 2848, "Power of Attorney," appointing his accountant, Harold J. Phillips, as his attorney-in-fact to represent him before the Internal Revenue Service for any matter concerning his 1978 Federal income tax return. On August 1, 1981, petitioner David Kelley, at *144 respondent's request, executed a Form 872, "Consent to Extend the Time to Assess Tax," for the taxable year 1978. Respondent accepted the Form 872 on August 7, 1981, extending respondent's time to make an assessment for the taxable year 1978 to September 30, 1983. On or before May 10, 1983, petitioners David and Mary Kelley, at respondent's request, executed a Form 872-A, "Special Consent to Extend the Time to Assess Tax," for the taxable year 1979. Respondent accepted the Form 872-A on May 10, 1983, indefinitely extending respondent's time to make an assessment for the taxable year 1979. On or before June 20, 1983, both petitioner David Kelley and petitioners David and Mary Kelley, at the request of Rod Hildebrand, the Internal Revenue agent originally assigned to the cases in San Diego, California, executed additional Forms 872-A, "Special Consent to Extend the Time to Assess Tax." Both Forms 872-A stated, in relevant part, that the taxpayer(s) and the District Director of Internal Revenue or Regional Director of Appeals consent and agree to the following: (1) the amount of any Federal income tax due on any return(s) made by or for the above taxpayer(s) for the period ended *145 December 31, 1979, may be assessed * * * However, "for the period ended December 31, 1978," was handwritten in the headings of both pages of the Form 872-A sent to petitioner David Kelley. Likewise, "for the period ended December 31, 1980," was handwritten in the headings of both pages of the Form 872-A sent to petitioners David and Mary Kelley. Petitioner(s) executed and returned the Forms 872-A to respondent unaltered. On June 28, 1983, respondent executed the Forms 872-A, also without making any changes. It is unclear whether or not a cover letter accompanied the Forms 872-A respondent mailed to petitioner(s), as is normally respondent's procedure. After petitioner David Kelley and petitioners David and Mary Kelley signed the Forms 872-A in question, they gave them to their accountant, Mr. Phillips. Mr. Phillips then prepared a letter of transmittal and forwarded the forms to respondent. The transmittal letter, dated June 20, 1983, stated, in relevant part: Dear Mr. Hildebrand: Enclosed are signed duplicate copies of Form 872-A's, "Special Consent to Extend the Time to Assess Tax," for the following taxpayers for the following periods: * * * 2. David M. Kelley *146 for the period ended December 31, 1978. * * * 4. David M. and Mary L. Kelley for the period ended December 31, 1980. The bottom portion of the letter contained the notation "cc: David M. Kelley," indicating that a carbon copy of the transmittal letter was prepared for David Kelley. On November 22, 1983, after respondent reassigned these cases from California to its Seattle, Washington office, another Internal Revenue agent again requested petitioners David and Mary Kelley to execute a Form 872-A, "Special Consent to Extend the Time to Assess Tax," for the taxable year 1980. Petitioners declined to execute this Form 872-A, and no other such forms were executed by petitioner(s). On May 18, 1984, petitioners David and Mary Kelley executed a Form 872-T, "Notice of Termination of Special Consent to Extend the Time to Assess Tax," as written notification of termination of Forms 872-A for the tax periods ended December 31, 1978, and December 31, 1979. On May 30, 1984, petitioners David and Mary Kelley executed another Form 872-T, as written termination of Form 872-A for the tax period ended December 31, 1980. Respondent mailed petitioner David Kelley a statutory notice of deficiency *147 for the taxable years 1976, 1977, and 1978, on August 14, 1984. On August 14, 1984, respondent also mailed a statutory notice of deficiency for the taxable years 1979 and 1980 to petitioners David and Mary Kelley. For simplicity, the above events can be summarized as follows: Docket No. 38520-84
Docket No. 38521-84
Date
(David and Mary Kelley)
(David Kelley)
4-16-79 Petitioner files 1978
Federal income tax return
10-3-79 Petitioner grants Mr.
Phillips power of
attorney for 1978
6-11-80 Petitioners file 1979
Federal income tax
return
8-1-81  Petitioner executes Form
872 for 1978, extending
assessment period to
9-30-83
8-6-81  Petitioners file 1980
Federal income tax
return
8-7-81  Respondent executes
petitioner's Form 872 for
1978
on or before
Petitioners execute
5-10-83 Form 872-A for 1979
5-10-83 Respondent executes
petitioners' Form 872-A
consent for 1979
on or before
Petitioners execute
Petitioner executes
6-20-83 disputed Form 872-A
disputed Form 872-A
6-28-83 Respondent executes
Respondent executes
disputed Form 872-A
disputed Form 872-A
11-22-83
Respondent solicits
Form 872-A for 1980
5-18-84 Petitioners execute
Petitioner executes
Form 872-T for 1979
Form 872-T for 1978
5-30-84 Petitioners execute
Form 872-T for 1980
8-14-84 Respondent mails notice
Respondent mails notice
of deficiency for
of deficiency for
1979 and 1980
1976, 1977, and 1978
*148 The Forms 872-A executed by petitioner(s) on or before June 20, 1983, were generated by a computer, using as a model a Form 872-A previously prepared for the taxable year ended December 31, 1979. After receiving the extension from petitioners David and Mary Kelley for the taxable year 1979, Mr. Hildebrand directed an aide to prepare the above Forms 872-A for the taxable years 1978 and 1980. The aide prepared these forms only by changing the captions of the 1979 form to read "for the period ended December 31, 1978" and "for the period ended December 31, 1980." This portion of the captions, as well as the name(s) and addresses of the taxpayer(s), were handwritten by the aide. The aide did not make any changes in the text of the 1979 model form. Mr. Hildebrand reviewed the forms before they were mailed to petitioner(s), but did not notice the discrepancies between the dates in the captions and the texts of the forms. When the forms were returned to respondent, via Mr. Phillips, Mr. Hildebrand forwarded them to his group manager, who executed them on June 28, 1984, also without noticing the discrepancies. Respondent was solely responsible for the preparation of both Forms 872-A. *149 Petitioner David Kelley, the party common to both of the above-docketed cases, has been engaged in real estate and other business ventures since approximately 1970. In his business activities, Mr. Kelley often negotiates a variety of contracts. Mr. Kelley testified that in reviewing a contract, he pays particular attention to the "deal points," or substantive terms of the instrument, rather than its title. Upon signing both Forms 872-A now in question, David Kelley noticed the discrepancies between the dates in the captions and the text of the forms. Although Mr. Kelley's testimony regarding the execution of the forms is somewhat confusing, it is clear that he signed the forms because he wanted to cooperate and comply with respondent's requests. Mr. Kelley believed that if anything was wrong with the forms, it would be taken care of by respondent, and, therefore, he did not bring the discrepancies to respondent's attention. In his amended petition, petitioner David Kelley contends that the Form 872-A he executed on or before June 20, 1983, was intended to extend the period for assessment of tax for the taxable year 1979, rather than for the taxable year 1978. Likewise, in *150 their amended petition, petitioners David and Mary Kelley contend that the Form 872-A they executed on or before June 20, 1983, was intended to extend the period for assessment of tax for the taxable year 1979, rather than for the taxable year 1980. Therefore, petitioner(s) in both docketed cases argue their respective taxable years, 1978 and 1980, are closed and respondent's notices of deficiency for the taxable years 1978 and 1980 mailed on August 14, 1984, are untimely. Respondent contends that petitioner David Kelley in docket number 38521-84 actually intended to extend the statutory period for assessment for the taxable year 1978, and so executed the Form 872-A. Respondent similarly contends that petitioners David and Mary Kelley in docket number 38520-84 intended to extend the statutory period for assessment for the taxable year 1980, and so executed the Form 872-A. Section 6501(a) provides that respondent may assess deficiencies in income taxes within 3 years after the return is filed. Section 6501(c)(4) allows a taxpayer and respondent to consent in writing to extend the period for assessment. The bar of the statute of limitations is an affirmative defense, and the *151 party raising it must specifically plead it and carry the burden of proof. Adler v. Commissioner, 85 T.C. 535, 540 (1985); Rule 142(a). A party pleading the statute of limitations as a bar to assessment establishes a prima facie case by showing that the statutory notice was mailed beyond the normally applicable period provided by the statute of limitations. The burden of going forward then shifts to the other side to show that the bar of the statute of limitations is not applicable. Adler v. Commissioner, supra at 540. See Concrete Engineering Co. v. Commissioner, 58 F.2d 566 (8th Cir. 1932), affg. 19 B.T.A. 212 (1930); Stern Bros. & Co. v. Burnet, 51 F.2d 1042 (8th Cir. 1931), affg. 17 B.T.A. 848 (1929). In docket number 38521-84, petitioner David Kelley timely filed a joint Federal income tax return for the taxable year 1978 on April 16, 1979. Ordinarily, the period within which respondent could effectively issue a notice of deficiency for the taxable year 1978 would have expired on April 16, 1982. Sec. 6501(a). However, it is undisputed that petitioner David Kelley and respondent *152 extended the period of limitations on assessment for the taxable year 1978 to September 30, 1983, with the valid execution of a Form 872. Similarly, in docket number 38520-84, petitioners David and Mary Kelley timely filed a joint Federal income tax return for the taxable year 1980 on August 6, 1981. Therefore, the normal period within which respondent could effectively issue a notice of deficiency would have expired on August 6, 1984. Sec. 6501(a). Respondent mailed the notices of deficiency to petitioner(s) in both docketed cases on August 14, 1984, after the normal period for assessment had expired in docket number 38520-84, and after the expiration of the Form 872 in docket number 38521-84. However, it is clear that on or before June 20, 1983, both petitioner David Kelley and petitioners David and Mary Kelley also executed Forms 872-A indefinitely extending the statute of limitations for either the taxable years 1978 and 1980, respectively, or both for the taxable year 1979. Therefore, the issue we must decide is for what year(s) petitioner(s) and respondent intended to extend the period of assessment with the Forms 872-A. A consent extending respondent's time to assess *153 taxes is essentially a unilateral waiver of a defense by the taxpayer, and is not a contract. However, contract principles are significant because section 6501(c)(4) requires that the parties reach a written agreement as to the extension. Piarulle v. Commissioner, 80 T.C. 1035, 1042 (1983). The term agreement means a manifestation of mutual assent. Piarulle v. Commissioner, supra at 1042. It is the objective manifestation of mutual assent as evidenced by the parties' overt acts that determines whether the parties have made an agreement. Kronish v. Commissioner, 90 T.C. 684, 693 (1988). Both parties argue that the principles stated in Constitution Publishing Co. v. Commissioner, 22 B.T.A. 426 (1931), should control the outcome. Respondent argues that the discrepancy between the dates in each of the Forms 872-A creates ambiguity in the instruments. If an ambiguity exists in a written extension of the period for making assessments, extrinsic evidence is admissible to clarify the ambiguity and to determine the parties' intent. The extension will then be interpreted in accordance with the parties' intent. *154 Constitution Publishing Co. v. Commissioner, supra at 428. Alternatively, respondent argues that petitioner(s) are estopped from denying the validity of the Forms 872-A, and that petitioner David Kelley is bound by Mr. Phillips' admission that the Form 872-A he executed was for the year 1978. Petitioner(s) admit that if we find the extensions to be ambiguous, we may interpret the extensions in accordance with the intentions of the parties. However, petitioner(s) argue that because the dates in the captions of the extension are merely recitals, and, therefore, under the law of contracts they do not control the operative provisions of the instruments, respondent has not established that the extensions are ambiguous. Petitioner(s) contend that the phrase "for the period ended December 31, 1979" found in the texts of both extensions is clear, and thus controlling. Accordingly, petitioner(s) insist that both extensions are unambiguous, and the true intent of the parties is irrelevant. Specifically, petitioner(s) rely on Constitution Publishing Co. v. Commissioner, supra at 428-429, in which we stated: The question here is whether the instrument *155 contains a mistake of expression as to the period, both parties intending something else, that is, whether the instrument embraced terms not intended by the parties and does not contain their true meaning and intention, or whether the expressions used are merely ambiguous and are subject to the rules of construction for ambiguous instruments. If the language used were clear and without ambiguity * * * we can not resort to any rules of construction to give the waiver a different meaning, regardless of the intentions of the parties. We are without power of a court of equity and we can not substitute another consent for that expressed by the parties. We can not reform the instrument, although both parties intended something else. However, in Woods v. Commissioner, 92 T.C. 776, 784 (1989), we held that we will no longer follow Constitution Publishing Co. v. Commissioner, supra, to the extent it states that "we will not consider the actual agreement and intention of the parties when there has been a drafting error in the written extension" since it is "inconsistent with our general application of contract principles in determining the effect of *156 a written extension." Therefore, we need not decide whether the caption of a Form 872-A, "Special Consent to Extend the Time to Assess Tax," may be considered in determining whether an extension is ambiguous when the terms of the text are otherwise clear. Even though a written extension is not ambiguous when it is clear on its face and its meaning is certain, it may be characterized as a mutual mistake if it misstates the intent of the parties. Woods v. Commissioner, supra at 780-781. A mutual mistake exists "where there has been a meeting of the minds of the parties and an agreement actually entered into but the agreement in its written form does not express what was really intended by the parties." Black's Law Dictionary, p. 920 (5th ed. 1979). Looking at other principles of contract law beyond those regarding ambiguities, where a written agreement mistakenly fails to express the mutual intent of the parties, we may properly reform the writing to conform to the parties' intentions. Woods v. Commissioner, supra at 782. See 1 Restatement, Contracts 2d, sec. 155, p. 406 (1981). We emphasize that *157 by reforming the extensions we are not changing the actual agreements. Instead, we are merely conforming the written documents to the actual agreements in circumstances where the writing contains a drafting error. See Woods v. Commissioner, supra at 789 n. 15. Also, because the matters before us involve the issues of whether assessment of tax for years properly before the Court is barred by the statute of limitations, they are clearly within our jurisdiction. Therefore, in deciding these cases and applying the general equitable doctrine of reformation, we are not expanding on our statutory jurisdiction. See Woods v. Commissioner, supra at 784-787. Based on clear and convincing evidence, we find that respondent and petitioner David Kelley, in docket number 38521-84, intended the Form 872-A in question to extend the period for assessment of tax for the taxable year 1978, rather than the taxable year 1979. See Woods v. Commissioner, supra at 789 n. 14. Likewise, we find that respondent and petitioners David and Mary Kelley, in docket number 38520-84, intended the Form 872-A in question to extend the period for assessment *158 of tax for the taxable year 1980, rather than the taxable year 1979. Accordingly, we need not consider respondent's alternative arguments. Petitioner David Kelley claims that he intended to extend the period for assessment for the taxable year 1979 when he executed the Form 872-A on or before June 20, 1983. However, petitioner David Kelley, in docket number 38521-84, did not, individually or with his deceased wife Nancy, have a taxable year ended December 31, 1979. Rather, for the taxable year 1979 David Kelley filed a joint Federal income tax return with his wife, Mary, both of whom are petitioners in docket number 38520-84. Also, petitioner David Kelley's agent, Mr. Phillips, forwarded the executed Form 872-A to respondent, indicating that it was for the period ended December 31, 1978. Mr. Phillips held a valid power of attorney for David Kelley for 1978 matters before the Internal Revenue Service. In addition, Mr. Phillips prepared a copy of the transmittal letter for David Kelley, who did not take exception to the dates therein. Although the record is silent as to whether or not David Kelley received a copy of the transmittal letter, we assume that the notation "cc: David *159 M. Kelley" would not have been placed on the bottom of the letter if Mr. Phillips had not intended to forward David Kelley a copy of it. Petitioners David and Mary Kelley in docket number 38520-84 also claim that the Form 872-A they executed was for 1979. However, at the time petitioners executed the Form 872-A in question, they had already consented to extend the period for assessment for the taxable year 1979. As with the Form 872-A executed by petitioner David Kelley for the taxable year 1978, the Form 872-A executed by petitioners David and Mary Kelley was sent to respondent by Mr. Phillips under the same letter of transmittal. This letter indicated that the extension was for the period ended December 31, 1980. Although Mr. Phillips did not hold a power of attorney for petitioners David and Mary Kelley for 1980, they did not take exception to the copy of the letter prepared for them, and we believe that they intended to extend the statute of limitations for the taxable year 1980. Lastly, respondent, through its agent, Mr. Hildebrand, testified that in June 1983 he sought to extend the period of assessment for only the taxable years 1978 and 1980, as the taxable year 1979 *160 was already subject to a consent for such an extension. The fact that respondent, through another agent, again requested another consent from petitioners David and Mary Kelley for the taxable year 1980 in November 1983 does not necessarily create an inconsistency with Mr. Hildebrand's testimony. Rather, we believe, as respondent contends, that the new agent assigned to the case in Seattle requested the extension as a precaution while the files were in transit from California. This request, however, does not nullify the valid prior consent. Respondent has established through Mr. Hildebrand's testimony and his use of "control cards" to monitor the statute of limitations, that he intended to extend the period for assessment for the taxable years 1978 and 1980, when he executed the Forms 872-A on June 28, 1983. Finally, we do not believe that the mere fact that the mistakes in the written extensions originated with respondent precludes a reformation. Petitioner(s) were also mistaken when they signed the documents. The circumstances of these cases do not warrant withholding relief from a mistake. The mere fact that the party seeking relief did not exercise reasonable care does not *161 preclude reformation. 1 Restatement, Contracts 2d, sec. 155, comment a; sec. 157, p. 416 (1981). See Woods v. Commissioner, supra at 789. Applying the doctrine of reformation, petitioner David Kelley in docket number 38521-84 and respondent agreed to indefinitely extend the period for assessment for 1978. Also, petitioners David and Mary Kelley in docket number 38520-84 and respondent agreed to indefinitely extend the period for assessment for 1980. Therefore, since the notices of deficiency in both docketed cases were mailed within 90 days of termination of the consents for extension of the assessment periods, the statute of limitations does not bar the assessments of tax for the taxable year 1978 for petitioner David Kelley in docket number 38521-84 and for the taxable year 1980 for petitioners David and Mary Kelley in docket number 38520-84. An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩