114 T.C. No. 18

UNITED STATES TAX COURT

DAVID DUNG LE, M.D., INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13702-99.                    Filed April 18, 2000.

R moves the Court to dismiss this case for lack of
jurisdiction, alleging that P, a corporation organized
under California law, lacked the capacity to file the
petition instituting this action.  On Apr. 1, 1991, the
State of California Franchise Tax Board (the Board)
suspended P's corporate powers, rights, and privileges
for failure to pay State income taxes, and the Board
did not relieve P of that suspension until (and
effective) Feb. 28, 2000.  R issued P a notice of
deficiency on July 1, 1999, and P filed the subject
petition with the Court on Aug. 12, 1999.
     <u>Held</u>:  We shall grant R's motion; under applicable
State law:  (1) P lacked the power to initiate a
lawsuit during the time it was suspended, and (2) that
power was not returned to P until after the applicable
90-day period in which it was required to file a
petition with this Court.

Wayne Hagendorf, for petitioner.

David R. JoJola and Igor S. Drabkin, for respondent.

OPINION

LARO, Judge:  Respondent moves the Court to dismiss this case for lack of jurisdiction, arguing that petitioner lacked the capacity to file the subject petition with the Court because petitioner's corporate powers, rights, and privileges were under suspension when the petition was filed.  Petitioner objects thereto, arguing primarily that:  (1) Its suspension was improper, and (2) the fact that its status was recently revived means that it may maintain this action.  Petitioner also argues that respondent has waived the right to assert the jurisdictional issue.

We shall grant respondent's motion.  Unless otherwise indicated, section references are to the applicable provisions of the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

David Dung Le, a.k.a David Van Le, incorporated petitioner under the laws of the State of California on or about December 22, 1982, using the name Dung Van Le, a medical corporation.  On April 1, 1991, pursuant to applicable State law, see Cal. Rev. &

Tax. Code secs. 23301 and 23302 (West 1992 & Supp. 1999), the State of California Franchise Tax Board (the Board) suspended petitioner's corporate powers, rights, and privileges for failure to pay State income taxes. The State of California secretary of state certified through a document entitled "DOMESTIC CORPORATION CERTIFICATE OF FILING AND SUSPENSION" that petitioner's corporate powers, rights, and privileges were suspended on April 1, 1991, and that they continued to be suspended as of February 15, 2000. On February 28, 2000, the Board issued to petitioner a "CERTIFICATE OF REVIVOR" providing in relevant part that petitioner, effective February 28, 2000, "has been relieved of suspension * * * and is now in good standing with the Franchise Tax Board."

On July 1, 1999, respondent issued petitioner a notice of deficiency. Petitioner, through its counsel, Wayne Hagendorf, filed its petition with the Court on August 12, 1999. On the date of filing, petitioner's mailing address and principal place of business were in Houston, Texas.

## Discussion

We must decide whether we have jurisdiction to decide this case. We are a legislatively created (Article I) Court, and, as such, our jurisdiction flows directly from Congress. See Freytag v. Commissioner, 501 U.S. 868, 870 (1991); Kelley v. Commissioner, 45 F.3d 348, 351 (9th Cir. 1995), affg. T.C. Memo.

1990-158; <u>Neilson v. Commissioner</u>, 94 T.C. 1, 9 (1990); <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985); see also sec. 7442. Whether we have jurisdiction to decide a matter is an issue that a party, or this or an appellate court sua sponte, may raise at any time. The failure to question our jurisdiction is not a waiver of the right to do so, for if we lack jurisdiction over an issue, we do not, and never did, have the power to decide it. See <u>Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 702 (1982); see also <u>Brown v. Commissioner</u>, 78 T.C. 215, 217-218 (1982), and the cases cited therein.

Jurisdiction must be shown affirmatively, and petitioner, as the party invoking our jurisdiction in the case at bar, bears the burden of proving that we have jurisdiction over its case. See <u>Fehrs v. Commissioner</u>, 65 T.C. 346, 348 (1975); <u>Wheeler's Peachtree Pharmacy, Inc. v. Commissioner</u>, 35 T.C. 177, 180 (1960); <u>National Comm. to Secure Justice, Etc. v. Commissioner</u>, 27 T.C. 837, 839 (1957). In order to meet its burden, petitioner must establish affirmatively all facts giving rise to our jurisdiction. See <u>Wheeler's Peachtree Pharmacy, Inc. v. Commissioner</u>, <u>supra</u> at 180; <u>Consolidated Co. v. Commissioner</u>, 15 B.T.A. 645, 651 (1929). Petitioner must establish that: (1) Respondent issued to it a valid notice of deficiency, and (2) it, or someone authorized to act on its behalf, filed with the Court a timely petition. See Rule 13(a), (c); <u>Monge v. Commissioner</u>,

93 T.C. 22, 27 (1989); Fehrs v. Commissioner, supra at 348; National Comm. to Secure Justice, Etc. v. Commissioner, supra at 839. See generally sec. 6213(a) (a taxpayer such as petitioner must file with the Court a petition for redetermination within 90 days from the date of the notice of deficiency).

The fact that respondent issued to petitioner a valid notice of deficiency is not in dispute. The parties focus on the second requirement; i.e., a timely petition. Given the fact that respondent issued the notice of deficiency to petitioner on July 1, 1999, petitioner, to invoke our jurisdiction, must have caused a proper petition to be filed with the Court on or before September 29, 1999. See sec. 6213(a). It is not enough that petitioner may have simply caused to be forwarded to this Court within the statutory period a petition for filing. In regard to a corporate taxpayer such as petitioner, a proper filing requires that the taxpayer tendering (or causing to be tendered through an agent) a petition to the Court for filing must have the capacity to engage in litigation in this Court. See Rule 60(c); see also Brannon's of Shawnee, Inc. v. Commissioner, 71 T.C. 108, 111 (1978); Condo v. Commissioner, 69 T.C. 149, 151 (1977); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, supra at 180; National Comm. to Secure Justice, Etc. v. Commissioner, supra at 839.

Whether a corporation has the capacity to engage in litigation in the Tax Court is determined by applicable State

law, which, in this case, is the law of California.  See Rule

60(c); see also Brannon's of Shawnee, Inc. v. Commissioner, supra

at 111; Condo v. Commissioner, supra at 151.  On the basis of our

review of that law, we conclude that petitioner lacked the

requisite capacity to litigate as of the date of the petition.

See Condo v. Commissioner, supra; Rosa v. Commissioner, T.C.

Memo. 1996-322; see also Community Elec. Serv., Inc. v. National

Elec. Contractors Association, Inc., 869 F.2d 1235 (9th Cir.

1989).  The following three sections of the California annotated

code are relevant to our determination:

§ 23301. Delinquency; suspension or forfeiture of
corporate powers, etc.

     Except for the purposes of filing an application
for exempt status or amending the articles of
incorporation as necessary either to perfect that
application or to set forth a new name, the corporate
powers, rights and privileges of a domestic taxpayer
may be suspended, and the exercise of the corporate
powers, rights and privileges of a foreign taxpayer in
this state may be forfeited, if any of the following
conditions occur:

     (a) If any tax, penalty, or interest, or any
portion thereof, that is due and payable under Chapter
4 (commencing with Section 19001) of Part 10.2, or
under this part, either at the time the return is
required to be filed or on or before the 15th day of
the ninth month following the close of the income year,
is not paid on or before 6 p.m. on the last day of the
12th month after the close of the income year.


     (b) If any tax, penalty, or interest, or any
portion thereof, due and payable under Chapter 4
(commencing with Section 19001) of Part 10.2, or under
this part, upon notice and demand from the Franchise
Tax Board, is not paid on or before 6 p.m. on the last

day of the 11th month following the due date of the tax.  [Cal. Rev. & Tax. Code sec. 23301 (West Supp. 1999).]

§ 23302. Forfeiture or suspension of powers, rights and privileges

(a) Forfeiture or suspension of a taxpayer's powers, rights, and privileges pursuant to Section 23301 * * * shall occur and become effective only as expressly provided in this section in conjunction with Section 21020, which requires notice prior to the suspension of a taxpayer's corporate powers, rights, and privileges.[1]

*    *    *    *    *    *    *

(c) The Franchise Tax Board shall transmit the names of taxpayers to the secretary of state as to which the suspension or forfeiture provisions of Section 23301 * * * are or become applicable, and the suspension or forfeiture therein provided for shall thereupon become effective.  The certificate of the secretary of state shall be prima facie evidence of the suspension or forfeiture.  [Cal. Rev. & Tax. sec. 23302 (West 1992).]

§ 23305a. Certificate of revivor; clearance of corporate name; reinstatement; prima facie evidence

---

[1] Cal. Rev. & Tax. Code sec. 21020 (West 1992) provides:

§ 21020. Suspension under bank and corporation tax law; preliminary notice; mailing

For the purposes of Part 11 (commencing with Section 23001) of Division 2 only, a taxpayer shall not be suspended pursuant to Section 23301 * * * unless the Board has mailed a notice preliminary to suspension which indicates that the taxpayer will be suspended by a date certain pursuant to Section 23301 * * *.  The notice preliminary to suspension shall be mailed to the taxpayer at least 60 days before the date certain.

Before the certificate of revivor is issued by the Franchise Tax Board, it shall obtain from the secretary of state an endorsement upon the application of the fact that the name of the taxpayer then meets the requirements of subdivision (b) of Section 201 of the Corporations Code [rules concerning clearance of corporate name] in the case of a domestic taxpayer * * *. Upon the issuance of the certificate by the Franchise Tax Board the taxpayer therein named shall become reinstated but the reinstatement shall be without prejudice to any action, defense or right which has accrued by reason of the original suspension or forfeiture * * *. The certificate of revivor shall be prima facie evidence of the reinstatement and the certificate may be recorded in the office of the county recorder of any county of this state. [Cal. Rev. & Tax. Code sec. 23305a (West 1992).]

The Supreme Court of California construes Cal. Rev. & Tax. Code secs. 23301 and 23302 (West 1992 & Supp. 1999) to mean that a corporation may not prosecute or defend an action during the period that it is suspended for failure to pay taxes. See United States v. 2.61 Acres of Land, 791 F.2d 666 (9th Cir. 1985); Reed v. Norman, 309 P.2d 809 (Cal. 1957), and the cases cited therein; see also Grell v. Laci Le Beau Corp., 73 Cal. App. 4th 1300, 1306 (1999) (unless one of the exceptions set forth in Cal. Rev. & Tax. Code sec. 23301 (West Supp. 1999) applies, a "suspended corporation is 'disqualified' from exercising any right, power or privilege."). The purpose of that rule, the Supreme Court of California has stated, is to "prohibit the delinquent corporation from enjoying the ordinary privileges of a going concern, in order that some pressure will be brought to bear to force the

payment of taxes."  Boyle v. Lakeview Creamery Co., 68 P.2d 968,
969-970 (Cal. 1937); see Peacock Hill Association v. Peacock
Lagoon Constr. Co., 503 P.2d 285, 286 (Cal. 1972); see also
Benton v. County of Napa, 226 Cal. App. 3d 1485, 1490 (1991)
("The purpose of the suspension of corporate power is to induce
the payment of taxes.").

We have in the record a certificate from the California
secretary of state attesting that petitioner's powers, rights,
and privileges were suspended on April 1, 1991, and that they
continued to be suspended as of February 15, 2000.  Petitioner
does not dispute that the certificate means what it says but
argues that its suspension should be given no effect because, it
claims, the suspension was "improper" either ab initio or at
least beginning in 1993.  Petitioner asserts that the suspension
was improper at the start because, it claims, it never received
the notice required under Cal. Rev. & Tax. Code sec. 23302(a)
(West 1992).  Petitioner claims that it first learned of its
suspension on February 22, 2000, from respondent's counsel.
Alternatively, petitioner asserts, its suspension became improper
in 1993.  In support of this assertion, petitioner tendered to
the Court as an exhibit a statement (the Statement) from the
Board to petitioner indicating that petitioner's income tax
account for its tax year ended December 31, 1993, had a credit
balance from April 15, 1993, through November 14, 1995.  The

Statement also indicates that, on November 15, 1995, the Board recorded to petitioner's tax account for 1993: (1) A $1,666 proposed assessment for that year which became final on that day, and (2) $2,834 of penalties and $56.07 of interest for that year. The Statement provides that, as of November 27, 1995, petitioner owed the Board $2,860.23 in income tax, penalties, and interest for its 1993 income tax year. Petitioner concludes from the Statement that it owed the Board no income taxes from April 15, 1993, through November 15, 1995, and, hence, it should not have been suspended between those dates.

We are unpersuaded by petitioner's argument that its suspension was improper either ab initio or beginning in 1993. The certificate of the secretary of state provides clearly that petitioner's corporate powers, rights, and privileges were suspended at least through the period from April 1, 1991, through February 15, 2000, and the Board's certificate of revivor states just as clearly that petitioner's rights, powers, and privileges were only restored effective February 28, 2000. Petitioner does not adequately dispute this prima facie evidence. Even assuming that the certificate of the secretary of state is not conclusive, an assumption that we make with much reservation, we give little weight to petitioner's bald assertion that it never received the notice required under the statutory scheme. Nor do we believe that the Statement supports petitioner's assertion that it owed

the Board nothing from April 15, 1993, through November 15, 1995. The Statement refers only to petitioner's 1993 tax year and does not otherwise indicate whether petitioner owed the Board any amount for prior years. On the basis of the two certificates, we conclude that petitioner was "suspended" on the date that Mr. Hagendorf filed a petition with this Court on its behalf and at all times through September 29, 1999, the date on which the 90-day period under section 6213(a) expired. Accordingly, we hold that petitioner lacked the capacity under California law to validate that petition as a legal filing and that it lacked the authority to cause Mr. Hagendorf to file a valid petition on its behalf. Cf. Rule 41(a) ("No amendment [to a pleading] shall be allowed after expiration of the time for filing the petition * * * which would involve conferring jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction under the petition as then on file.").

Nor are we persuaded by petitioner's argument that the current reinstatement of its powers as of February 28, 2000, means that it can continue to litigate this case. In Condo v. Commissioner, 69 T.C. 149, 151 (1977), we dismissed the case for lack of jurisdiction because the corporate taxpayer did not have the capacity to litigate under Rule 60(a). The taxpayer, like petitioner, was a California corporation under suspension due to its failure to pay State income/franchise tax. We noted with

respect to the taxpayer that "The corporation has not been reinstated. Therefore, the corporate powers, rights, and privileges of the * * * [taxpayer] have been, and remain, suspended." Id. at 151-152. Subsequently, in a setting "virtually identical" to Condo, we dismissed the case for lack of jurisdiction, noting that the corporate taxpayer "has offered no evidence that its corporate powers have been reinstated." Rosa v. Commissioner, T.C. Memo. 1996-322. Petitioner asserts that California law allows it to maintain a lawsuit brought while it was under suspension, as long as its powers are reinstated while the lawsuit is ongoing.

We disagree with petitioner's assertion. Petitioner's corporate status was not reinstated by the Board until 200 days after the petition was filed, or, in other words, long after the expiration of the 90-day period in which the petition was required to be filed. See sec. 6213(a). The fact that petitioner's corporate status was not reinstated during that 90-day period is fatal to petitioner in that California law does not operate to toll a filing period from running during a period of suspension. See Community Elec. Serv., Inc. v. National Elec. Contractors Association, Inc., 869 F.2d 1235 (9th Cir. 1989). As the California Court of Appeals has stated in an analogous setting: "if an action is commenced during the period of suspension and the corporate powers are revived after the

limitations period expires, the revival does not toll the running of the limitations period." Benton v. County of Napa, 226 Cal. App. 3d 1485, 1491 (1991); accord ABA Recovery Servs., Inc. v. Konold, 198 Cal. App. 3d 720 (1988); Welco Constr., Inc. v. Modulux, Inc., 47 Cal. App. 3d 69, 73 (1975); see also Grell v. Laci Le Beau Corp., 73 Cal. App. 4th 1300 (1999) (applicable period of limitations was not tolled during the period in which the corporation's powers were suspended under Cal. Rev. & Tax. Code sec. 23301 (West Supp. 1999)).

The facts of this case are similar to the case of Community Elec. Serv., Inc. v. National Elec. Contractors Association, Inc., supra. There, a California corporation (the plaintiff) brought an antitrust lawsuit against certain defendants challenging a provision of a collective bargaining agreement. When the plaintiff filed the complaint with the court, its corporate powers, rights, and privileges were suspended under Cal. Rev. & Tax. Code sec. 23301 (West Supp. 1999). Approximately 18 months later, the Board issued to the plaintiff a certificate of revivor reinstating its corporate powers.

The U.S. District Court dismissed the case, holding that the plaintiff lacked the capacity to file the underlying complaint by virtue of its suspension. Further, the court held, the later reinstatement of those powers was ineffective to validate the filing of the complaint because the antitrust period of

limitations had expired before the powers were restored. The Court of Appeals for the Ninth Circuit affirmed both of the District Court's holdings. As to the latter holding that the plaintiff's untimely revival did not give it the capacity to sue, the Court of Appeals concluded that California law does not allow the corporate reinstatement to validate retroactively the plaintiff's earlier filing. The expiration of the period of limitations before plaintiff's suspension was lifted acted as a bar to the plaintiff's maintaining the antitrust action.

We shall grant respondent's motion to dismiss the petition for lack of jurisdiction. In so doing, we are mindful that this Court has held repeatedly that Rule 60(a) allows a petition filed timely by an improper party to be continued in the name of the proper party. See, e.g., <u>Gray v. Commissioner</u>, 73 T.C. 639, 648 (1980); <u>Holt v. Commissioner</u>, 67 T.C. 829, 832 (1977); <u>Brooks v. Commissioner</u>, 63 T.C. 709, 714-715 (1975); see also Rule 60(a), which provides:

> A case timely brought shall not be dismissed on the ground that it is not properly brought on behalf of a party until a reasonable time has been allowed after objection for ratification by such party of the bringing of the case; and such ratification shall have the same effect as if the case had been properly brought by such party.

Those cases are not pertinent to our decision herein. In contrast to the taxpayers in those cases, petitioner did not have the requisite capacity to bring an action in this Court when the

petition was first filed.  Petitioner, therefore, neither was authorized, nor could it have authorized another, to file a timely petition in this matter.  As a matter of fact, petitioner was barred by applicable law from commencing a lawsuit in this Court.

We have considered all remaining arguments and, to the extent not addressed above, find them to be irrelevant or without merit.  To reflect the foregoing,

<u>An appropriate order
of dismissal for lack of
jurisdiction will be
entered</u>.