# United States Tax Court

T.C. Memo. 2025-90

VELETA WILLIAMS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 372-24.                              Filed August 25, 2025.

————

Veleta Williams, pro se.

*Jason D. Laseter* and *Jeremy H. Fetter*, for respondent.

## MEMORANDUM OPINION

ARBEIT, *Judge*: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction (Motion to Dismiss). Petitioner received an Internal Revenue Service (IRS) Notice CP71A, Annual Reminder of Balance Due Taxes for Tax Year 2006, dated October 23, 2023, informing her of a balance due for her 2006 taxable year. On January 8, 2024, she filed her Petition in this case, attaching only the Notice CP71A, which is not a Notice of Deficiency. Respondent states that he has mailed no Notice of Deficiency and made no other determination that might confer jurisdiction on this Court. Because petitioner has failed to establish our jurisdiction, we will grant respondent's Motion to Dismiss and dismiss this case for lack of jurisdiction.

## *Background*

When she filed her Petition, petitioner was a resident of Alabama; absent stipulation to the contrary, appeal of this case would lie to the

[*2] U.S. Court of Appeals for the Eleventh Circuit. *See* § 7482(b)(1)(A), (2).[1] The following facts are derived from the pleadings and the parties' Motion papers; they are stated solely for the purpose of deciding respondent's Motion to Dismiss and not as findings of fact in this case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

In 2010 the United States charged petitioner and her brother, Charles Durell Williams, with various crimes brought to light by the submission of fraudulent documents to the Alabama Medicaid Agency. The charges included conspiracy to commit tax fraud, three counts of fraud and false statements on tax returns, conspiracy to commit health care fraud, health care fraud, and aggravated identity theft.

The charges arose from petitioner's role in the operation of Williams Group Home, Inc. (WGH). Her brother organized WGH on or about June 18, 2003, as an Alabama nonprofit domestic corporation for the purpose of operating group homes around Mobile, Alabama, for intellectually disabled individuals and providing residents with care and other services. For some years afterward WGH employed petitioner as an accountant and business manager. During that period WGH employed more than 30 individuals for whom WGH withheld no taxes related to their employment.

On December 6, 2010, petitioner entered into an agreement to plead guilty to conspiracy to commit tax fraud and conspiracy to commit health care fraud. Petitioner agreed to make full restitution in an amount determined by the sentencing court "regardless of whether it relate[d] to the count of conviction." Petitioner also agreed to refrain from any collateral attack on the terms of her sentence except in circumstances not relevant to the case before us.

In connection with her plea agreement petitioner admitted that she, in concert with her brother, devised and executed a scheme to impede and impair the IRS in the collection of taxes related to the employees of WGH. The scheme included generally failing to provide to employees Forms W–2, Wage and Tax Statement, or Forms 1099–MISC, Miscellaneous Income; withhold and pay over to the IRS employment related taxes; file with the Social Security Administration Forms W–2

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*3]** and W–3, Transmittal of Wage and Tax Statement; and file with the IRS Forms 1099, Forms 1096, Annual Summary and Transmittal of U.S. Information Returns, and Forms 941, Employer's Quarterly Federal Tax Return.

During 2017 the IRS made separate assessments against petitioner for each quarter of taxable years 2003 through 2006. Petitioner asserts (and the record supports) that the assessments are based on the restitution she owes under 18 U.S.C. §§ 3556 and 3663(a) (2006), which would make each a restitution-based assessment (RBA) pursuant to section 6201(a)(4)(A).

On January 8, 2024, petitioner filed her Petition. Using the Court's simplified form petition, she checked the boxes indicating that she wished to dispute a Notice of Deficiency and a Notice of Determination of Worker Classification. In her Petition she argued first that "[t]he tax debt is employment taxes which resulted from the [misclassification] of employees as contractors. The debt was satisfied in part when the employees filed their taxes." Second, she claimed that the collection period had expired.

Although she claimed she received "several notices from the IRS dated October 23, 2023," only a single notice is attached to her Petition. That notice, dated October 23, 2023, is the Notice CP71A showing a balance of $20,672. The reverse side of the Notice CP71A indicates that the procedure to follow "[i]f you disagree with the amount due" is to call the IRS.

On February 22, 2024, respondent filed his Motion to Dismiss. He maintains that he mailed no Notice of Deficiency and made no other determination that would confer jurisdiction on this Court.

On March 22, 2024, petitioner filed her First Response to respondent's Motion to Dismiss. She argues that jurisdiction is proper under the Court's authority to review determinations of employment status pursuant to section 7436. Although she admits to never receiving a Notice of Worker Classification Determination, she argues that such a notice is not necessary, citing *American Airlines, Inc. v. Commissioner*, 144 T.C. 24 (2015), and *SECC Corp. v. Commissioner*, 142 T.C. 225 (2014).

On April 22, 2024, respondent filed a Reply to petitioner's First Response. He contends that because section 7436 is available only to the service recipient (i.e., the employer), the holdings in *American Airlines,*

[*4] *Inc.* and *SECC Corp.* are of no help to petitioner, who admits she was herself only an employee of WGH.

On May 21, 2024, petitioner filed a Second Response to respondent's Motion to Dismiss in which she puts forth further objections. Acknowledging that she was not the employer, she seems to believe that her codefendant, her brother, was the employer. She argues that, because she and her brother were jointly and severally liable for the restitution, she is entitled to pursue relief under section 7436.

On December 20, 2024, in preparation for a hearing on respondent's Motion to Dismiss, respondent filed a Statement of Respondent's Position along with supporting documents (Rule 50(c) Statement). The Exhibits attached to the Rule 50(c) Statement include documents from petitioner's criminal case, her account transcripts, and account transcripts for WGH.

On January 13, 2025, the Court held a hearing in Miami, Florida, on respondent's Motion to Dismiss, during which petitioner raised concerns about the RBAs. For example, consistent with her view that the restitution represents employment taxes, she argued that if "the employees of the business paid their taxes" then the government "cannot collect those taxes from the employer."

## *Discussion*

The Tax Court, like all federal courts, is a court of limited jurisdiction: The Court may exercise its jurisdiction only to the extent prescribed by Congress. *See* § 7442; *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985); *Breman v. Commissioner*, 66 T.C. 61, 66 (1976). The Court nevertheless has authority to determine whether it has jurisdiction over a particular case. *See Pyo v. Commissioner*, 83 T.C. 626, 632 (1984); *Kluger v. Commissioner*, 83 T.C. 309, 314 (1984); *Phillips v. Commissioner*, T.C. Memo. 2024-44, at *4.

Because the taxpayer is the party invoking this Court's jurisdiction, the taxpayer has the burden of showing that jurisdiction properly lies with this Court. *See David Dung Le, M.D., Inc. v. Commissioner*, 114 T.C. 268, 270 (2000) (first citing *Fehrs v. Commissioner*, 65 T.C. 346, 348 (1975); then citing *Wheeler's Peachtree Pharmacy, Inc. v. Commissioner*, 35 T.C. 177, 180 (1960); and then citing *Nat'l Comm. to Secure Just. in Rosenberg Case v. Commissioner*, 27 T.C. 837, 839 (1957)), *aff'd*, 22 F. App'x 837 (9th Cir. 2001). To meet this burden, a taxpayer "must establish affirmatively all facts giving rise to

**[\*5]** our jurisdiction." *Id.* This Court construes all pleadings to do justice, *see* Rule 31(d), and does so "liberally" respecting pro se litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Adams v. Commissioner*, 160 T.C. 1, 9 (2023), *aff'd*, 122 F.4th 429 (D.C. Cir. 2024).

By checking the requisite boxes on her Petition, petitioner asserts two different bases for our jurisdiction: (1) deficiency jurisdiction pursuant to section 6213 arising from a valid Notice of Deficiency and (2) jurisdiction to review a determination of employment status pursuant to section 7436.[2]

I.      *Deficiency Jurisdiction*

This Court has held that to establish our jurisdiction under section 6213 a taxpayer must show that (1) the Commissioner has issued a valid Notice of Deficiency to the taxpayer and (2) the taxpayer (or someone authorized to act on the taxpayer's behalf) timely filed a petition with this Court. *See* Rule 13(a); *Hallmark Rsch. Collective v. Commissioner*, 159 T.C. 126, 130 (2022); *David Dung Le, M.D., Inc.*, 114 T.C. at 270; *Phillips*, T.C. Memo. 2024-44, at \*4. While a Notice of Deficiency need not take any particular form, "the notice must at a minimum (1) advise the taxpayer that the I.R.S. has determined that a deficiency exists for a particular [taxable period], and (2) specify the amount of the deficiency or provide the information necessary to compute the deficiency." *Portillo v. Commissioner*, 932 F.2d 1128, 1132 (5th Cir. 1991) (citing *Donley v. Commissioner*, 791 F.2d 383 (5th Cir. 1986) (per curiam), *aff'g Abrams v. Commissioner*, 84 T.C. 1308 (1985)), *aff'g in part, rev'g in part, and remanding* T.C. Memo. 1990-68; *accord Benzvi v. Commissioner*, 787 F.2d 1541, 1542 (11th Cir. 1986); *LG Kendrick, LLC v. Commissioner*, 146 T.C. 17, 28 n.13 (2016), *aff'd*, 684 F. App'x 744 (10th Cir. 2017).

The Notice CP71A, an annual reminder to taxpayers of an outstanding liability, is the only notice in the record. It neither indicates any sort of determination by the IRS of additional taxes due from petitioner, nor specifies, computes, or provides information with respect

---

[2] During the Miami hearing petitioner asserted that respondent seized moneys from her, including from two different retirement accounts, without properly crediting her account. To the extent respondent acted improperly, petitioner must first seek relief in the ordinary way, *see* § 7422(a), before filing suit in the appropriate forum, *see* 28 U.S.C. § 1346(a)(1) (2018), which is not this Court, *see Weber v. Commissioner*, 138 T.C. 348, 366–67 (2012). *See generally Hallmark Rsch. Collective*, 159 T.C. at 130 n.5 (listing the five jurisdictional prerequisites for tax refund suits).

**[\*6]** to any such amount. *See, e.g., Portillo v. Commissioner*, 932 F.2d at 1132 (finding a deficiency notice valid where deficiency was computed by comparing taxpayer's return against third-party reporting); *Benzvi v. Commissioner*, 787 F.2d at 1543 (finding a purported deficiency notice not valid because there was no indication of examination or deficiency determination). The Notice CP71A is not a Notice of Deficiency. Moreover, respondent has searched his records and states that he has found no record of mailing any Notice of Deficiency to petitioner with respect to any taxable period at issue.

Without a Notice of Deficiency, the Court lacks jurisdiction under section 6213(a). *See* Rule 13(a); *Hallmark Rsch. Collective*, 159 T.C. at 130; *David Dung Le, M.D., Inc.*, 114 T.C. at 270.

II. *Redetermination of Employment Status Jurisdiction*

The Court's jurisdiction under section 7436 includes determining (1) whether an individual providing services to a person is that person's employee for purposes of subtitle C; (2) whether the person, if an employer, is entitled to relief under section 530 of the Revenue Act of 1978, Pub. L. No. 95-600, 92 Stat. 2763, 2885 (RA 1978 section 530 relief); and (3) the proper amounts of employment taxes that relate to the Commissioner's determination concerning worker classification. *See SECC Corp.*, 142 T.C. at 230; *see also* § 7436(a); *Am. Airlines, Inc.*, 144 T.C. at 31–32.

There are four requirements for the Court to have jurisdiction under section 7436(a)(2): (1) an examination in connection with the audit "of any person"; (2) a determination by the Secretary that "such person is not entitled to the treatment under subsection (a) of [RA 1978 section 530 relief] with respect to such an individual"; (3) an "actual controversy" involving the determination as part of an examination; and (4) the filing of an appropriate pleading in the Tax Court. *See* § 7436(a); *Am. Airlines, Inc.*, 144 T.C. at 32. Only the taxpayer for whom the services were performed may invoke the Court's jurisdiction. *See* § 7436(b)(1) ("A pleading may be filed under this section only by the person for whom the services are performed.").

Unlike issuance of a Notice of Deficiency for deficiency jurisdiction, issuance of a Notice of Determination is not a threshold requirement under section 7436; the requirement is only that the Commissioner made a determination of worker classification or with respect to RA 1978 section 530 relief. *See Am. Airlines, Inc.*, 144 T.C.

**[\*7]** at 33–34 ("The existence of a determination with respect to [RA 1978 section 530 relief] is sufficient to support the Court's jurisdiction."); *SECC Corp.*, 142 T.C. at 231 ("The Commissioner's 'determination' of worker classification provides the predicate for our jurisdiction under section 7436(a)."). "Determination" when used in the tax context has an established meaning that denotes an action "with a high degree of concreteness and formality." *Belair Woods, LLC v. Commissioner*, 154 T.C. 1, 15 (2020). Nonetheless, "[a] determination may manifest itself in nontraditional ways" such that it is only apparent because of subsequent action. *See Am. Airlines, Inc.*, 144 T.C. at 34, 36 ("[The Commissioner's] assessment of employment taxes was obviously a memorialization of his determination.").

The transcripts attached to respondent's Rule 50(c) Statement show an examination of WGH and, in deciding in 2014 to close that examination, respondent must have reached some conclusion. *See Am. Airlines, Inc.*, 144 T.C. at 34–36 (finding assessment was necessarily preceded by determination denying relief under section 7436). This is the only point in the record when a determination must have occurred and where jurisdiction pursuant to section 7436 might lie. *See* § 7436(a) (requiring "a determination . . . as part of an examination"). Even assuming for the sake of argument that the examination of WGH and resultant determination satisfy section 7436(a), the Court here is still without jurisdiction.

First, petitioner mistakenly conflates the restitution she owes with the obligation of WGH to pay employment taxes. The restitution she owes is not actual employment taxes but rather represents the tax losses caused by her criminal conduct. *See Klein v. Commissioner*, 149 T.C. 341, 359 (2017) ("The restitution ordered in a criminal tax case is designed to compensate the IRS for the loss caused by the defendant's wrongdoing. But that award does not purport to reflect the defendant's actual civil tax liability."); *see also Creel v. Commissioner*, 419 F.3d 1135, 1140 (11th Cir. 2005) (citing *United States v. Johnson*, 983 F.2d 216, 220 (11th Cir. 1993)) (noting restitution is a criminal penalty separate from civil proceedings). The RBAs are merely the means for respondent to track the restitution ordered by the sentencing court and to facilitate its collection. *See Carpenter v. Commissioner*, 152 T.C. 202, 211 (2019), *aff'd*, 788 F. App'x 187 (4th Cir. 2019). The sentencing court determined tax losses—not employment taxes owed by WGH—based on petitioner's plea agreement and criminal conduct. *See* 18 U.S.C. § 3663(a)(3). The sentencing court's order pursuant to 18 U.S.C. §§ 3556 and 3663(a) is now final. *See* 18 U.S.C. § 3664(e), (o) (2006) (addressing disputes as to

**[*8]** amount of restitution and subsequent modification). "The proper time to challenge the amount of [her] criminal restitution liability would have been when [she] was sentenced." *See Carpenter*, 152 T.C. at 220. That time is long past and, regardless, no challenge to restitution would properly lie here. *See* § 6201(a)(4)(C) (barring any challenge to the "existence or amount" of an RBA); *see also Catlett v. Commissioner*, T.C. Memo. 2019-86, at *9 (noting res judicata, in addition to section 6201(a)(4)(C), bars inference with respect to a restitution order).

Second, the fact that petitioner and her brother, the owner of WGH, were jointly and severally liable for the restitution is irrelevant. WGH, incorporated by her brother under the laws of Alabama, was for federal tax purposes a separate and distinct taxpayer. *See* § 7701(a)(1); Treas. Reg. §§ 301.7701-1(a), -2(b)(1). Neither petitioner nor her brother was at any time "the person for whom the services [were] performed," foreclosing her from petitioning this Court for review under section 7436 of her own liability. *See generally* § 7436(b)(1). Petitioner is not seeking to challenge any determination *on behalf of* WGH; she seeks to challenge her personal liability. She cannot do so under section 7436.

Petitioner was not the employer and the RBAs at issue are not employment taxes. Petitioner has not met and cannot meet her obligation to show that jurisdiction under section 7436 is proper. *See* Rule 290(b).

III.   *Conclusion*

Petitioner has failed to present facts necessary to establish our jurisdiction in this case. We will therefore grant respondent's Motion to Dismiss and dismiss this case for lack of jurisdiction.

To reflect the foregoing,

*An order of dismissal for lack of jurisdiction will be entered.*