T.C. Memo. 2013-201

UNITED STATES TAX COURT

RICHARD P. ALDRICH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 27397-11, 29873-11.  Filed August 28, 2013.

Richard P. Aldrich, pro se.

<u>Leonard T. Provenzale</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent determined deficiencies in petitioner's

Federal income tax and additions to tax as follows:

[*2]

| Year | Deficiency | Sec. 6651(a)(1) | Additions to tax Sec. 6651(a)(2) | Sec. 6654 |
|---|---|---|---|---|
| 2004 | [1]$15,779 | $2,289 | $2,543 | $272 |
| 2005 | 14,004 | 3,151 | 3,501 | 562 |
| 2006 | 13,380 | 2,665 | 2,961 | 552 |
| 2007 | 28,308 | 3,435 | To be computed | 629 |
| 2008 | 22,804 | 4,810 | To be computed | 682 |
| 2009 | 18,375 | 3,369 | To be computed | 349 |
| 2010 | 23,600 | 3,510 | To be computed | 316 |

[1]All dollar amounts are rounded to the nearest dollar.

The issues for decision are:

(1) whether petitioner is liable for deficiencies for the tax years 2004 through 2010 as determined in the notices of deficiency. With one minor exception, we hold that he is; and

(2) whether petitioner is liable for additions to tax for failure to timely file under section 6651(a)(1),[1] failure to timely pay under section 6651(a)(2), and failure to pay estimated taxes under section 6654 for the years 2004 through 2010. We hold that he is.

---

[1]All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[*3]                             FINDINGS OF FACT

Some of the facts have been stipulated.  The stipulation of facts is incorporated by this reference.  At the time petitioner filed the petition, he resided in Florida.

Petitioner did not file Federal income tax returns for the 2004, 2005, 2006, 2007, 2008, 2009, and 2010 taxable years (years at issue) and made no payments in regard to his tax liabilities for the years at issue.  Petitioner does not argue that he filed tax returns; however, petitioner believed the filing of income tax returns was part of a "voluntary system of self-assessment".  He argues he could not be accountable for tax until after he filed an income tax return and then his "self-assessment" would determine his tax liability.  As a result, petitioner determined that he did not owe income tax for the years at issue because the Internal Revenue Service (IRS) failed to provide him with a "definition of income" and failed to identify "any federal taxing statute which applies to * * * [him]".  Instead, petitioner filed forms with the IRS which he described as a series of questions for clarification of his tax.

Consequently, respondent prepared substitutes for returns (SFRs) under section 6020(b) on behalf of petitioner for the years at issue.  Petitioner received wage, dividend, capital asset proceeds, unemployment compensation, and

**[*4]** retirement income for the years at issue.  Petitioner's adjusted gross income for each of the years at issue exceeded the exemption amount plus the amount of the standard deduction applicable to him.  Petitioner had withholdings for the taxable years at issue and was given credit for the withholdings.  Petitioner did not pay the income tax shown on the SFRs.

In addition, petitioner did not make any estimated tax payments.  Petitioner admits he failed to file tax returns for the years at issue; however, petitioner argues that respondent's SFRs are not to be treated as his tax returns.

Relying on the SFRs, respondent issued two notices of deficiency to petitioner, one for the years 2004 through 2008 and another for the years 2009 and 2010.  In the notices of deficiency, one dated August 31, 2011, and the other dated September 30, 2011, respondent determined Federal income tax deficiencies and additions to tax in the amounts listed above.  On November 29, 2011, petitioner timely filed a petition seeking redetermination.

OPINION

## I.  Burden of Proof

The Commissioner's determinations are generally presumed correct, and taxpayers bear the burden of proving that the Commissioner's determinations are incorrect.  Rule 142(a)(1); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  On rare

**[\*5]** occasions this Court has recognized an exception to this presumption in cases involving unreported income where the Commissioner introduces no substantive evidence but relies solely on the presumption of correctness. Jackson v. Commissioner, 73 T.C. 394, 401 (1979). In such cases, if the taxpayer challenges the notice of deficiency on the ground that it is arbitrary, then the determination is treated as a "naked" assessment and the presumption of correctness does not attach.[2] Id. However, this is a limited exception, and it does not apply when the Commissioner has provided a minimal evidentiary foundation. Petzoldt v. Commissioner, 92 T.C. 661, 687-688 (1989); Fankhanel v. Commissioner, T.C. Memo. 1998-403, aff'd without published opinion, 205 F.3d 1333 (4th Cir. 2000).[3]

---

[2]Additionally, if a taxpayer asserts a reasonable dispute with respect to any item of income reported on an information return filed with the Secretary by a third party and the taxpayer has fully cooperated with the Secretary, the Secretary shall have the burden of producing reasonable and probative information concerning the deficiency in addition to that information return. Sec. 6201(d). Petitioner has not asserted a "reasonable dispute" in these cases, rendering the aforementioned section inapplicable. See, e.g., Parker v. Commissioner, T.C. Memo. 2012-66; Cook v. Commissioner, T.C. Memo. 2010-137; see also Parker v. Commissioner, 117 F.3d 785, 787 (5th Cir. 1997).

[3]This exception to the presumption of correctness afforded to the Commissioner's determinations has been widely accepted among the Courts of Appeals. See, e.g., Blohm v. Commissioner, 994 F.2d 1542, 1549 (11th Cir. 1993) aff'g T.C. Memo. 1991-636; Dodge v. Commissioner, 981 F.2d 350, 353 (8th Cir.

(continued...)

**[\*6]** Once the Commissioner produces evidence linking the taxpayer with an income-producing activity, the burden shifts to the taxpayer "to rebut the presumption of correctness of respondent's deficiency determination by establishing by a preponderance of the evidence that the deficiency determination is arbitrary or erroneous." Petzoldt v. Commissioner, 92 T.C. at 689; see also Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), aff'g T.C. Memo. 1997-97.

Respondent has introduced several relevant documents, including: (1) an IRS Certificate of Official Record and Tax Return Transcript indicating petitioner did not file tax returns for the years at issue; (2) copies of petitioner's 2004 to 2008 and 2009 to 2010 statutory notices of deficiency and corresponding Forms 4549, Income Tax Examination Changes; (3) an IRS Certificate of Official Record and Wage and Income Transcript for petitioner's taxable years at issue; (4) multiple Forms W-2, Wage and Tax Statement, issued to petitioner by past employers; and (5) a Form 1099-R, Distributions From Pensions, Annuities,

---

[3](...continued) 1992), aff'g in part, rev'g in part 96 T.C. 172 (1991); United States v. Walton, 909 F.2d 915, 919 (6th Cir. 1990); Ruth v. United States, 823 F.2d 1091, 1094 (7th Cir. 1987); Llorente v. Commissioner, 649 F.2d 152, 156 (2d Cir. 1981), aff'g in part, rev'g in part 74 T.C. 260 (1980); Weimerskirch v. Commissioner, 596 F.2d 358, 362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977).

**[\*7]** Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., issued to petitioner by United States Automobile Association as custodian. We find that the submitted evidence clearly suffices to establish the requisite minimal evidentiary foundation linking petitioner with the income-producing activities for the years at issue. Accordingly, petitioner bears the burden of proof. See, e.g., Banister v. Commissioner, T.C. Memo. 2008-201 (holding that a notice of deficiency indicating third-party payers paid the taxpayer specific amounts in question satisfied the minimal evidentiary burden even though direct evidence was not in the record), aff'd, 418 Fed. Appx. 637 (9th Cir. 2011).

## II. Gross Income

Gross income includes all income from whatever source derived, including pensions, dividends, capital asset proceeds, unemployment compensation,[4] and compensation for services, such as wages, salaries, and bonuses. Secs. 61(a)(1), 85(a); sec. 1.61-2(a)(1), Income Tax Regs. Petitioner failed to report any income for the years at issue. Respondent has gathered information from third parties to

---

[4]With respect to tax year 2009, we note sec. 85(c) provides that in the case of any taxable year beginning in 2009, that "gross income shall not include so much of the unemployment compensation received by an individual as does not exceed $2,400". It appears the unemployment compensation for 2009 was not reduced by $2,400 in the notice of deficiency. Therefore, a Rule 155 computation will be needed for taxable unemployment compensation for that year.

**[\*8]** determine petitioner's gross income. The record shows that petitioner had gross income for each of the years at issue.

In general, individuals who have gross income that exceeds the exemption amount specified by section 6012(a) must file an income tax return. Petitioner's gross income exceeded the exemption amount plus the amount of the standard deduction applicable to him, and he was required to file returns. Sec. 6012(a)(1)(A).

Petitioner does not substantially refute these points but rather contends the filing of tax returns is part of a voluntary system of self-assessment and he cannot be held liable for tax unless he files an income tax return. These "tax protester"[5] arguments are without merit and lack factual and legal foundation. "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Addressing frivolous tax-protester arguments: (1) wastes the limited resources of the Court; (2) delays the assessment of tax; and (3) risks dignifying such arguments or suggesting that they have some colorable merit. Wnuck v. Commissioner, 136

---

[5]"Tax protester[s]" is a name often given to persons who make frivolous antitax arguments. Wnuck v. Commissioner, 136 T.C. 498, 502 n.2 (2011).

**[*9]** T.C. 498, 510-513 (2011). We have also recognized that tax-protester arguments: (1) are unlimited; (2) may have little actual importance to those making them; (3) have often already been answered; and (4) are often patently frivolous. Id. at 501-505.

Petitioner claims his arguments are not frivolous, but we disagree. The assertion that a taxpayer does not owe income tax in the absence of a self-assessment is an "outdated protester-type argument". See Hill v. Commissioner, T.C. Memo. 1992-140. We therefore hold the voluntary system of self-assessment argument is frivolous.

Petitioner also argues that the lack of underlying Code of Federal Regulations to support the statutes which he has violated nullifies the statute. Petitioner has confused the order of authority. "Ordinarily, administrative interpretations of statutory terms are given important but not controlling significance." Batterton v. Francis, 432 U.S. 416, 424 (1977). We hold the parallel authority argument is frivolous.

We find that respondent has proved petitioner failed to report taxable income for the years at issue and is liable for the Federal income tax he failed to pay on that income.

**[*10]** III.  Additions to Tax

A.  Burden of Proof

Under section 7491(c), the Commissioner bears the burden of production with regard to additions to tax and must come forward with sufficient evidence indicating that it is appropriate to impose additions to tax.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  However, once the Commissioner has met the burden of production, the burden shifts to the taxpayer to show the additions are improper.  See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.

B.  Reasonable Cause

The section 6651(a)(1) and (2) additions to tax will not apply if it is shown that the failure to file and/or pay timely was due to reasonable cause and not due to willful neglect.  A failure to pay timely is due to reasonable cause if the taxpayer "exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship * * * if he paid on the due date."  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; see also Ruggeri v. Commissioner, T.C. Memo. 2008-300.  To prove reasonable cause for a failure to timely file, the taxpayer must show that he exercised ordinary business care and prudence and was nevertheless unable to file

[*11] the return within the prescribed time. See Crocker v. Commissioner, 92 T.C. 899, 913 (1989). Willful neglect contemplates "a conscious, intentional failure or reckless indifference." United States v. Boyle, 469 U.S. 241, 245 (1985).

Petitioner intentionally chose not to file and pay tax for the years at issue, making frivolous tax-protester arguments. We have found that frivolous positions do not constitute reasonable cause for purposes of section 6651. McGowan v. Commissioner, T.C. Memo. 2006-154 ("[T]ypical tax protester arguments are not reasonable cause.").

C. Section 6651(a)(1)

As a general rule "any person made liable for any tax * * * shall make a return or statement according to the forms and regulations prescribed by the Secretary." Sec. 6011(a). In the case of a failure to file a return on time, an addition to tax is imposed at 5% of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file, not to exceed 25% in the aggregate. Sec. 6651(a)(1).

Petitioner did not file timely tax returns for the years at issue. Respondent has thus met his burden of production. See Wheeler v. Commissioner, 127 T.C. 200, 207-208 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008). Petitioner has not presented any evidence that his failure to file was due to reasonable cause and not

**[\*12]** willful neglect. Accordingly, we sustain the additions to tax under section 6651(a)(1).

D. Section 6651(a)(2)

An addition to tax is imposed for failure to pay the amount of tax shown on a return on or before the date prescribed for payment. Sec. 6651(a)(2). The addition is equal to 0.5% of the amount shown as tax on the return for each month, or fraction thereof, during which the failure to pay continues, up to a maximum of 25%. Id.

Where the taxpayer did not file a valid return, to satisfy his burden of production for the section 6651(a)(2) addition to tax the Commissioner must introduce evidence that he prepared SFRs. Respondent prepared SFRs under section 6020(b) for the years at issue. SFRs made by the Secretary under section 6020(b) are treated as returns filed by the taxpayer for purposes of determining whether the section 6651(a)(2) addition to tax applies. Sec. 6651(g)(2); Wheeler v. Commissioner, 127 T.C. at 208-209. Respondent prepared SFRs in these cases which showed that petitioner owed tax for each of the years at issue before the addition of interest and additions to tax. These returns conform with section 6020(b).

**[*13]** Petitioner has not paid any portion of the amounts reported due on the returns respondent prepared. As a result, we find that petitioner failed to timely pay the tax shown due on the section 6020(b) returns without reasonable cause and is liable for the additions to tax under section 6651(a)(2).

E. Section 6654

Respondent determined additions to his calculation of tax liabilities for the years at issue for failure to pay estimated tax. A taxpayer's required annual payment is limited to the lesser of: (1) 90% of the tax shown on the return for the taxable year, or 90% of the tax for such year if no return is filed or (2) 100% of the tax shown on the return of the individual for the preceding taxable year.[6] Sec. 6654(d)(1)(B). Petitioner has argued that he had no tax liabilities for the years at issue. We have already found that petitioner was liable for tax for the years 2004 through 2010, and we also note that petitioner's tax liability for 2003 was greater than zero. Therefore, petitioner is liable for the section 6654 addition to tax for each year at issue. The amounts of the additions shall be determined by the parties in their Rule 155 calculations in accordance with the other holdings herein.

Petitioner has taken a multitude of frivolous and groundless positions characteristic of tax protesters. We strongly warn petitioner that making such

[6]Petitioner did not file Federal tax returns for the years 2004 through 2010.

**[*14]** arguments before this Court in the future will likely result in the imposition of sanctions against him.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.