# United States Tax Court

T.C. Memo. 2023-3

XC FOUNDATION,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 9189-21X.                                    Filed January 5, 2023.

————

*Christina P. Weed*, for petitioner.

*Eugene Kim*, *Christopher C. Fawcett*, and *Patricia P. Wang*, for respondent.

MEMORANDUM OPINION

LAUBER, *Judge*:  The Internal Revenue Service (IRS or respondent) issued petitioner a final adverse determination letter revoking its tax-exempt status retroactively to 2016.  Petitioner timely petitioned this Court seeking a declaratory judgment that the revocation was erroneous.  Respondent has filed a Motion to Dismiss for Lack of Jurisdiction on the ground that petitioner lacked the legal capacity to initiate this case when the petition was filed and for the entire 90-day period during which the petition was required to be filed.  *See* § 7428(b)(3); Rule 60(c).[1] We agree and will therefore grant the Motion.

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*2]**                                          *Background*

The following facts are derived from the pleadings, the parties' motion papers, and the exhibits and declarations attached thereto. They are stated solely for purposes of deciding respondent's Motion and not as findings of fact in this case.

Petitioner, XC Foundation, was incorporated in California in 2007. On February 26, 2008, the IRS issued petitioner a determination letter recognizing it as exempt from Federal income tax under section 501(c)(3) and as a private foundation under section 509(a). On December 1, 2020, the California Franchise Tax Board suspended petitioner's corporate powers, rights, and privileges pursuant to the provisions of the California Revenue and Taxation Code. The California secretary of state has certified that petitioner's powers, rights, and privileges "remain[ed] suspended" as of December 16, 2021. Petitioner has supplied no evidence that its corporate powers have ever been restored.

On March 2, 2021, the IRS issued petitioner a final adverse determination letter revoking its tax-exempt status retroactively to January 1, 2016. The letter determined that petitioner, as of that date, no longer qualified for exemption from Federal income tax under section 501(a) as an organization described in section 501(c)(3). Respondent also issued notices of deficiency to Chih Chiang (petitioner's former chief executive officer) and Wei Xu (petitioner's former secretary) determining excise taxes under section 4941 for alleged participation in acts of self-dealing between themselves and petitioner during 2016–2020.

On May 28, 2021, petitioner filed a Petition seeking a declaratory judgment that the revocation was erroneous. On July 27, 2022, respondent filed a Motion to Dismiss for Lack of Jurisdiction, alleging that petitioner lacked the capacity either to initiate litigation in this Court or to prosecute any part of this case. On September 12, 2022, petitioner filed an Objection to the Motion, contending that it retained the ability to litigate in this Court by virtue of having signed, in July 2020, IRS Form 872, Consent to Extend the Time to Assess Tax. Petitioner asserted that the Court's failure to consolidate this case with the deficiency cases of Chih Chiang and Wei Xu would impose a "massive burden" on those individuals. And petitioner urged that Rule 60(c), which provides that "[t]he capacity of a corporation to engage in [Tax Court] litigation shall be determined by the law under which it was organized," violates its rights to equal protection, due process, and protection against cruel and unusual punishment.

**[\*3]**                    *Discussion*

This Court is an Article I court and possesses jurisdiction only to the extent conferred by Congress. *See Freytag v. Commissioner*, 501 U.S. 868, 870 (1991); *Kelley v. Commissioner*, 45 F.3d 348, 351 (9th Cir. 1995), *aff'g* T.C. Memo. 1990-158; *Neilson v. Commissioner*, 94 T.C. 1, 9 (1990); *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985); *see also* § 7442. Jurisdiction must be shown affirmatively, and petitioner bears the burden of proving all facts necessary to establish our jurisdiction. *See David Dung Le, M.D., Inc. v. Commissioner*, 114 T.C. 268, 269–70 (2000), *aff'd*, 22 F. App'x 837 (9th Cir. 2001). The Tax Court has jurisdiction to review controversies involving an entity's initial or continuing qualification for tax-exempt status under section 501(c)(3). § 7428(a)(1); *High Adventure Ministries, Inc. v. Commissioner*, 726 F.2d 555, 556–57 (9th Cir. 1984), *aff'g* 80 T.C. 292 (1983). To invoke the Court's jurisdiction under section 7428(a)(1), an organization must file a petition with the Court within 90 days of the mailing of the final notice of adverse determination. § 7428(b)(3); *see* Rule 210(c)(3).

Regardless of whether its petition was timely filed, a petitioning party must have the capacity to commence and maintain litigation in this Court. *See* Rule 60(c); *see also Brannon's of Shawnee, Inc. v. Commissioner*, 71 T.C. 108, 111 (1978); *Condo v. Commissioner*, 69 T.C. 149, 151 (1977). Petitioner is a corporation. Rule 60(c) provides that "[t]he capacity of a corporation to engage in [Tax Court] litigation shall be determined by the law under which it was organized." Because petitioner was organized under California law, we must look to the law of that State to determine whether petitioner had the capacity to initiate this case. If a petitioner lacks the capacity to commence and maintain litigation in this Court, we must dismiss the case for lack of jurisdiction. *See Brannon's of Shawnee, Inc.*, 71 T.C. at 111.

We have consistently held that a California corporation whose "corporate powers, rights, and privileges" have been suspended by the State of California lacks the capacity to commence or maintain litigation in this Court. *See NT, Inc. v. Commissioner*, 126 T.C. 191, 192–94 (2006); *David Dung Le, M.D., Inc.*, 114 T.C. at 274; *Condo*, 69 T.C. at 152; *Timbron Int'l Corp. v. Commissioner*, T.C. Memo. 2019-31, 117 T.C.M. (CCH) 1144, 1146. In *David Dung Le, M.D., Inc.*, we held that a California corporation lacked the power to file a Tax Court petition while its corporate powers were suspended by the State of California. In reaching our holding we cited California Revenue and Tax Code §§ 23301 and 23302 (West 1992 & Supp. 1999), noting that the Supreme

**[\*4]** Court of California had construed those provisions to mean that a corporation cannot prosecute or defend an action during the period in which its corporate rights and powers have been suspended. *David Dung Le, M.D., Inc.*, 114 T.C. at 272 (first citing *United States v. 2.61 Acres of Land*, 791 F.2d 666 (9th Cir. 1985); and then citing *Reed v. Norman*, 309 P.2d 809 (Cal. 1957)). Because the taxpayer's corporate powers had not been reinstated when the taxpayer filed its petition or during the 90-day period in which the petition was required to be filed, we dismissed the case for lack of jurisdiction. *Id.* at 274–76.[2]

The same analysis applies here. Petitioner's corporate powers and privileges were suspended by the State of California on December 1, 2020, and its powers "remain[ed] suspended" as of December 16, 2021. The final adverse determination letter was issued May 2, 2021. The petition was required to be filed within 90 days of that date and was in fact filed on May 28, 2021. Petitioner's corporate powers and privileges were thus suspended when it filed the petition and during the entire 90-day period in which its petition was required to be filed. Petitioner was thus incapable of initiating or prosecuting a case in this Court. *See* Rule 60(c); *see also AMA Enters., Inc. v. Commissioner*, 523 F. App'x 455 (9th Cir. 2013) (holding that California corporation lacked capacity to challenge revocation of section 501(c)(3) status because its corporate powers, rights, and privileges were suspended under California law when it filed its petition).

Petitioner asserts that it retained the capacity to litigate this case by virtue of having executed Form 872 for tax year 2016. By executing this IRS form, a taxpayer voluntarily agrees to extend the time within which the IRS may assess tax. Taxpayers may do this for a variety of reasons, e.g., to facilitate negotiations at the examination level or allow sufficient time for its case to be considered by the IRS Independent Office of Appeals. Form 872 advises that "signing this consent will not deprive the taxpayer(s) of any appeal rights to which they would otherwise be entitled."

Petitioner errs in contending that this statement in Form 872 preserves its right to petition this Court. The "appeal rights" to which Form 872 refers are the rights to administrative appeal within the IRS, not

---

[2] The taxpayer in *David Dung Le, M.D., Inc.* sought to invoke our deficiency jurisdiction under section 6213(a), whereas petitioner seeks to invoke our declaratory judgment jurisdiction under section 7428(a)(1). This difference is irrelevant to our conclusion: Our jurisdiction depends on the taxpayer's capacity to sue, not on the type of action the taxpayer seeks to commence.

**[*5]** the taxpayer's ability to secure judicial review. An IRS Form cannot define this Court's jurisdiction. In any event, Form 872 preserves only those appeal rights to which the taxpayer "would otherwise be entitled." A corporation whose powers have been suspended under State law is not "entitled" to commence litigation in this Court.

Petitioner asserts that our failure to consolidate this case with those of its former officers, who are challenging respondent's determination of excise taxes under section 4941, would "create a massive burden." This assertion is both incorrect and irrelevant. Because this case is being dismissed for lack of jurisdiction, there is no reason to consolidate it with the former officers' cases, and they will incur no "massive burden" in litigating their separate cases separately. In any event, any litigation burden a party may incur has nothing to do with our jurisdiction.

Finally, petitioner contends that Rule 60 is unconstitutional and violates its rights to procedural due process, equal protection, and to the protection against cruel and unusual punishment. These arguments are frivolous, and we decline to consider them further. *See Wnuck v. Commissioner*, 136 T.C. 498 (2011); *Aldrich v. Commissioner*, T.C. Memo. 2013-201, 106 T.C.M. (CCH) 192, 194 (citing *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984)).

To reflect the foregoing,

*An order will be entered granting respondent's Motion to Dismiss for Lack of Jurisdiction.*